[Criminal No. 362.　Filed December 29, 1914.]

[145 Pac. 241.]

## J. A. VINCENT, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—WAIVER.—Where one arrested for burglary, after being informed of his rights, waived examination before the justice who had issued the warrant, and the justice then entered an order reciting such waiver, finding that a burglary had been committed, and that there was sufficient cause to believe that the defendant was guilty thereof, and ordering him to be held to answer the charge, there was a sufficient compliance with Penal Code of 1913, section 893, requiring a preliminary examination for one accused of an offense, unless he shall waive the same, whereupon the justice shall enter such waiver on his docket, and immediately order the defendant held to answer, as if he had been held after examination.

2. INDICTMENT AND INFORMATION—FORM—FELONY.—Under the express provisions of Constitution, article 2, section 30, one charged with a felony may be prosecuted either by indictment or information; the only limitation upon prosecution by information being by Penal Code of 1913, section 885, requiring the information to be filed within 30 days after the order of the magistrate holding the defendant to answer is made.

3. INDICTMENT AND INFORMATION—BURGLARY—DEGREE.—Under an information charging burglary in general terms, defendant may be convicted of burglary in either the first or second degree, if the evidence warrants it.

4. CRIMINAL LAW—INSTRUCTIONS—COMMENT ON EVIDENCE.—Where the information was sufficient to charge burglary in either degree, an instruction that the testimony showed that, if any burglary was committed, it was committed in the daytime, so that the defendant could be convicted only of burglary in the second degree, was erroneous, as a comment on the weight of evidence.

5. CRIMINAL LAW—APPEAL—HARMLESS ERROR—ERROR FAVORABLE TO ACCUSED.—The error was favorable, and not prejudicial, to accused, and he cannot therefore complain.

6. BURGLARY—CRIMINAL LAW—INSTRUCTIONS—POSSESSION OF STOLEN PROPERTY—COMMENT ON FACTS.—In a prosecution for burglary, an instruction that possession of stolen goods by the accused recently after a burglary in which larceny was committed, if unexplained, is a circumstance from which the complicity of the accused in the larceny might be inferred, when followed by a statement that the value of such evidence was to be determined by the jury after considering all the facts and circumstances connected with the possession and their relation to the other proofs in the case is correct, and not a charge or comment on the facts, which is forbidden by Constitution, article 6, section 12.

7. CRIMINAL LAW—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.—Instructions given in a criminal trial must be considered as a whole and so construed.

8. CRIMINAL LAW—REQUESTS—NECESSITY.—Under Penal Code of 1913, section 1033, subdivision 6, requiring the judge to charge the jury on any points pertinent to the issues, if requested by either party, the failure of the court to give a specific instruction good in law and pertinent to the issues, but which was not requested, is not ground for reversal.

9. CRIMINAL LAW—APPEAL—HARMLESS ERROR—INVITED ERROR.—Where a judgment of conviction was set aside upon motion of the defendant, so that he might move in arrest of judgment, the defendant cannot, on appeal from a judgment of conviction entered after the overruling of his motion in arrest, contend that the court lost jurisdiction to enter the judgment.

[As to what constitutes burglary, see notes in 22 Am. Dec. 150; 2 Am. St. Rep. 383; Ann. Cas. 1913C, 517.]

APPEAL from a judgment of the Superior Court of the County of Yuma. Frank Baxter, Judge. Affirmed.

The facts are stated in the opinion.

Messrs. Timmons & Harris, for Appellant.

Mr. G. P. Bullard, Attorney General, and Mr. Leslie C. Hardy, Assistant to the Attorney General, for Respondent.

CUNNINGHAM, J.—The appellant was arrested February 16, 1914, upon a complaint charging him with the commission of the crime of burglary on or about the 15th day of February, 1914. The defendant was taken before the justice of the peace who issued the warrant, immediately upon his arrest, for the purpose of a preliminary examination of the charge. The justice's entries recite that the defendant was ''arraigned and informed of his rights to time, attorney,'' etc. The defendant waived the examination of the case before this court; whereupon the court made the following order:

''It appearing to me that the crime of felony—to wit, burglary—has been committed on or about the 15th day of February, 1914, in the county of Yuma, state of Arizona, and that there is sufficient cause to believe that J. A. Vincent is guilty thereof, I order that he, the said J. A. Vincent, be held to answer the same, and that he be admitted to bail. . . . ''

A transcript of the proceedings with the complaint and warrant were filed in the superior court on February 19, 1914. On the same day the county attorney filed an information charging as follows:

''The said J. A. Vincent, on or about the 15th day of February, 1914, and before the filing of this information, at the county of Yuma, state of Arizona, did then and there willfully, unlawfully, feloniously, and burglariously enter the dwelling-house of one Carmelita Mayhew, in the town of Yuma, in the county and state aforesaid, with the felonious intent then and there to commit the crime of grand and petit larceny, contrary,'' etc. (We have omitted the formal parts of the information.)

On the same day the defendant appeared before the court without counsel, and the court appointed counsel for him. Thereupon the information was read to him and he was furnished a copy. One day was allowed in which to plead to the information. On February 20, 1914, the defendant entered his plea of ''Not guilty.'' The trial followed on February 24, 1914, both parties announcing ready for trial.

The first assignment of error is that the defendant was not held to answer in accordance with the provisions of law governing the same. Paragraph 893, Penal Code of 1913, is a sufficient answer to such contention. Said statute is as follows:

"When the defendant is brought before the magistrate upon an arrest, either with or without a warrant, on a charge of having committed a public offense, which the justice court has no jurisdiction to try and determine, such defendant may, if he so elect, waive the examination provided in this chapter, and the magistrate shall thereupon enter such waiver in his docket, and shall immediately make an order holding the defendant to answer as if he had been held to answer after examination. No defendant who has been held to answer after such waiver of examination shall be discharged upon writ of *habeas corpus* or other proceeding upon the ground that he has been committed on a criminal charge without reasonable or probable cause."

This statute has been substantially followed by the magistrate holding the defendant to answer. The assignment is *without* merit.

The second assignment is to the effect that the information was filed without authority of law, and, by reason thereof, the court acquired no jurisdiction to try the cause. Paragraph 885, Penal Code of 1913, requires the county attorney to file an information within 30 days after the order of the magistrate holding the defendant to answer is made. The appellant contends that the filing of the information gave the court no right to try the defendant thereon, because, under the law, the charge must be presented by indictment found by a grand jury, and not by information. This contention is untenable. Section 30 of article 2, Constitution of the state, provides for the prosecution of all felonies either by indictment or by information; a prosecution by information being limited only to such cases where the person charged has had a preliminary examination of the charge and has been held to answer thereto, or when he has been given an opportunity to have such preliminary examination held, but has waived it. Either mode of procedure may be legally adopted by the prosecution. The citation of authorities is not necessary, they are so numerous. The constitutional and statutory provisions are too clear to require comment.

The questions presented by the sixth assignment require serious consideration. They relate to alleged erroneous instructions of the court. The first instruction objected to,

which we will notice, was given and later repeated. The said instruction is as follows:

"Under the testimony in this case, if any burglary has been committed, it was committed in the daytime, so that you are only concerned with burglary of the second degree."

By giving this instruction the court definitely and unequivocally instructed the jury to acquit the defendant of the charge of burglary of the first degree. The jury obeyed this instruction by returning a verdict of burglary of the second degree. The most startling position is taken by counsel for appellant contending that that part of the charge reading, "'under the testimony in this case, if any burglary has been committed, it was committed in the daytime,' was damaging in the extreme, for the reason that the information charged only burglary in the second degree, while the evidence, if tending to prove burglary at all, tended to prove burglary in the night-time, instead of the daytime, as instructed by the court."

Assuming that the information charged burglary in the second degree only, it would have then become the duty of the court to so instruct the jury. Under such charge of second degree burglary the defendant could not have been convicted of burglary of the first degree, and to have permitted a conviction in the first degree would have been reversible error. The information, however, charges burglary in general terms. Under that charge the defendant may be convicted of burglary of the first degree, if the evidence warrants it; or he may be convicted of burglary of the second degree, if the evidence warrants it. The information as filed will support a conviction of burglary of either the first or of the second degree.

The instruction was clearly a comment by the court on the weight of the evidence, but was made in favor of the accused, not against his rights. He was not entitled to such an instruction withdrawing from the consideration by the jury the evidence, if any, bearing upon the degree of the offense. The error, if error was committed, was against the prosecution, and not against the rights of the accused, and therefore must be deemed error without injury on this appeal.

The other instruction included in the said assignment is as follows:

"You are charged that possession of stolen goods by the accused recently after a burglary in which larceny has been committed, if unexplained, is a circumstance from which you may infer the complicity of the accused in the larceny."

The objections are made that the instruction assumes that the property was stolen, that it was found in the possession of the accused, and such possession is unexplained, and that it would lead the jury to infer that such evidence of possession alone is sufficient to warrant a conviction of burglary.

The instructions given must be considered as a whole and so construed. The language quoted above that is made the subject of these objections is only a part of the instruction given by the court on this subject. The remaining portion, not the subject of objection, is as follows:

"The value of such evidence, however, is to be determined by you alone. In determining the weight to be attached to such a circumstance as evidence tending to prove guilt, you should take into consideration all the facts and circumstances connected with such possession, and their relation to the other proofs in the case."

The instruction as given by the court, is stated in nearly the language used by Mr. Justice DAVIS in stating the rule applicable to this question in *Taylor* v. *Territory,* 7 Ariz. 234, 64 Pac. 423. After considering the rule announced in the case of *Territory* v. *Casio,* 1 Ariz. 485, 2 Pac. 755, and expressly overruling that case, he says:

"Recognizing that the jury are the sole and exclusive judges of the facts proved, and the inferences to be drawn therefrom, an expression of the law more in harmony with the current authority would be substantially as follows: The possession of stolen goods by the accused recently after the larceny, if unexplained, is a circumstance from which the jury may infer his complicity in the larceny. Its value as evidence, however, is to be determined by them alone. In determining the weight to be attached to this circumstance as evidence tending to prove guilt, the jury should take into consideration all the facts and circumstances connected with

such possession, and their relation to the other proofs in the case.''

A number of cases are cited in support of this rule. The instruction under consideration in the Taylor case was approved as within this general rule and as applicable to the evidence in that case. The supreme court of Iowa, in *State v. Brady*, 91 N. W. 801, upon some of the authorities cited in the Taylor case, states the rule a little more clearly, as follows:

''There is no presumption of guilt or burglary attaching to the mere possession of the stolen goods by the accused, but such fact, if the alleged crime be of recent occurrence, has a tendency to prove his guilt, and, if there be other proved circumstances tending to connect him with the commission of the offense, the fact of possession thus aided will sustain a conviction.'' See *State* v. *Powell*, 61 Kan. 81, 58 Pac. 968, to the same effect.

Section 12 of article 6, state Constitution, provides that:

''Judges shall not charge juries with respect to matters of facts nor comment thereon, but shall declare the law.''

On authority of the Taylor case, *supra*, the court in the entire instruction declared the established rule of law applicable to the question then under consideration. The instruction, when considered as a whole, is not open to the objections advanced. The rights of the accused were sufficiently guarded in other parts of the instructions given, and, while the instruction now under consideration might have been expressed in different language more appropriate to the evidence in this case than in the form in which it was given, we are of the opinion that no error was committed in giving the instruction in the form it was given, and that as given the court fairly declared the law, without charging the jury with respect to matters of fact, or without commenting thereon, as required by the Constitution, *supra*.

If counsel is not satisfied with the instructions of the court as given, additional instructions may be requested, and, upon proper request made, must be given. Subdivision 6, par. 1033, Ariz. Pen. Code 1913. A failure of the court to give specific instructions, good in point of law and pertinent to the issue, in the absence of a request therefor, is no ground for reversal. *Sisson* v. *State, ante,* p. 171, 141 Pac. 713.

One other assignment only merits notice. The verdict of guilty was returned and filed on February 24, 1914. On February 26, 1914, the court pronounced judgment of conviction. On March 6, 1914, the defendant moved in arrest of judgment. The defendant by his counsel on the same day, March 6, 1914, made an oral motion that the judgment and commitment theretofore entered be vacated. The prosecution assented, and the order was made by the court vacating the judgment for the purpose of considering defendant's motion in arrest of judgment. The motion in arrest was submitted, and on March 23, 1914, was by the court denied; whereupon the court, over the objections of defendant, pronounced final judgment of conviction. Appellant assigns as error the order of the court overruling his objections to the imposing of the final judgment and sentence. The assignment is without merit. The first judgment pronounced was vacated at the instance of the defendant for the specific purpose of having the court rule upon his motion in arrest of judgment. He cannot now assume the inconsistent position that he was injured by an order of the court which he brought about for his supposed benefit at that time. The court retained control over its judgments, and retained the power, under the facts appearing in this respect, to modify its judgment in accordance with law, and render its final judgment on the verdict.

The appellant has assigned as error other matters, all of which have been carefully examined and found to be without merit. They are not of sufficient importance to require separate notice.

We find no reversible error in the record.

The judgment is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

---

NOTE.—On the question whether the possession of recently stolen property is evidence of burglary, see note in 12 L. R. A. (N. S.) 199.