398 P.2d 550

**STATE of Arizona, Appellee,**

v.

**Donald Wayne FAUGHT, Appellant.**

No. 1299.

Supreme Court of Arizona.

In Division.

Jan. 27, 1965.

Rehearing Denied Feb. 17, 1965.

, Robert Pickrell, Atty. Gen., by . Merton E. Marks, Asst. Atty. Gen., and Charles N. Ronan, County Atty., for appellee

· Peterson, Estrada & Matz, Phoenix, for appellant.

BERNSTEIN, Justice.

This is an appeal by Donald Wayne Faught from a conviction of the crime of second degree rape based on his plea of guilty. Appellant on July 3, 1962, appeared in Maricopa County Superior Court and pled guilty to statutory rape as charged in the amended information filed on that date. He was sentenced to from three to five years. The act complained of occurred with a fifteen year old girl. At the time the act was committed it was prohibited by A.R.S. § 13–611. The act was punishable under A.R.S. § 13–614, which provided a minimum sentence of five years. These statutes were amended effective midnight, June 20, 1962, and the crime of rape was divided into degrees, with a minimum sentence of one year for the second degree, statutory rape. Appellant contends the amendments created a new crime which was not in existence at the time the alleged offense was committed and therefore he could neither be charged with nor sentenced for committing such a crime.

We rejected appellant's contention in State v. Vineyard, 96 Ariz. 76, 392 P.2d 30, 32, decided since this appeal was taken. In Vineyard we said:

"Comparing the original statute with the amended version reveals no changes as to the six courses of conduct specified as rape. The legislature merely set this particular form of rape apart from the other five for the obvious purpose of allowing a different penalty to be assessed for its violation. To accomplish this purpose they designated the other five forms as rape in the first degree, and intercourse with a female under the age of eighteen, as rape in the second degree."

\*  \*  \*  \*  \*  \*

"The mere fact that rape is now divided into degrees does not change in any way what was, and still is, prohibited."

The plain language of A.R.S. § 13–611 and § 13–614, as amended, shows this bill was amended to give the Superior Court judges of the state an opportunity of ad-

justing the offense and penalty for statutory rape to the facts of the case involved. In this regard rape in the second degree under the amended statute cuts down the felony provisions from a five to a one year minimum and allows the court or prosecutor to reduce the offense to a misdemeanor if the facts indicate.

 Under Vineyard, the county attorney could have prosecuted under the old statute, and secured a minimum sentence of five years. In the exercise of his discretion, he did not do so. Appellant may not complain of the county attorney's action from which he benefitted. As the Oklahoma Court of Criminal Appeals said in Jones v. State, 341 P.2d 616, 618:

> "We have often held that the county attorney acts under a discretion committed him for the public good, and that one of his most important functions is to select, out of what the law permits, the charge which he will bring against offenders. Wilson v. State, 89 Okl.Cr. 421, 209 P.2d 512, 212 P.2d 144. The fact that the county attorney did not file a charge of attempt to rape, under 21 O.S.A. § 42 is in favor of the defendant, and for such reason he may not complain."

Arizona has applied the principle that the defendant may not complain of an action from which he benefitted, in a case in which the court's instructions were prejudicial to the prosecution. Vincent v. State, 16 Ariz. 297, 301, 145 P. 241. The defendant here has benefitted by the lesser sentence and he may not complain.

Affirmed.

STRUCKMEYER, V. C. J., and McFARLAND, J., concur.