487 P.2d 764

**STATE of Arizona, Appellee,**

v.

**Eddie McCURDY, Appellant.**

**No. 1 CA–CR 336.**

Court of Appeals of Arizona,
Division 1.

Aug. 12, 1971.

Gary K. Nelson, Atty. Gen., by William P. Dixon and Frank Sagarino, Asst. Attys. Gen., Phoenix, Ronald F. Jones, Yuma, for appellee.

Eddie McCurdy, in pro. per.

HATHAWAY, Judge.

Defendant, Eddie McCurdy, on 1 August 1970 was arrested by Officer Arnold Wright of the Yuma Police. He pleaded not guilty to an information filed against him on an open charge of burglary of a building in violation of A.R.S. § 13–302, as amended. On 19 August 1970 a jury found defendant guilty of attempt to commit burglary in the first degree. Thereafter, on 27 August 1970 he received sentence of not less than one and one-half years nor more than seven and one-half years imprisonment.

No request was made for appointed counsel on appeal and defendant proceeded in *propria persona.* Essentially, he claims three bases of error in that:

(1) The trial court invaded the province of the jury in refusing to submit to them the charge of burglary and instructing them to consider only the crime of attempted burglary.

(2) The trial court submitted to the jury questions of guilt pertaining to attempted burglary when the crime charged in the information was burglary.

(3) The trial court gave the state's jury instruction number one relating to burglary when such crime was not submitted to the jury.

We will consider the questions in the above order.

At the conclusion of the state's case defendant moved for a directed verdict based in part upon the state's failure to establish an entry as an element of the offense charged. The court ruled as a matter of law there was insufficient proof of actual entry but held there was sufficient proof to go to the jury on the included offense of attempted burglary.[1]

---

1. The court instructed the jury: "Now, ladies and gentlemen of the jury, the court has ruled, as a matter of law, that the crime of burglary will not be sub-

If the court committed error in taking the question of burglary from the jury it is not the predicate for a reversal. One accused of burglary cannot complain of error in instructing the jury that he can be convicted, if at all, of an attempt to commit burglary. The court's instruction relieved defendant of possible sentence for burglary and left him in jeopardy for only one-half the possible sentence which could have been imposed had the matter been left to the jury. Appellant cannot complain of error which is favorable to him. State v. Faught, 97 Ariz. 165, 398 P.2d 550 (1965); Vincent v. State, 16 Ariz. 297, 145 P. 241 (1914). If defendant's basis of error is that proof exists of the completed offense which negates an attempt his conclusion is unsound. A.R.S. § 13–109 specifically refutes such reasoning.[2] See also State v. Rowe, 60 Wash.2d 797, 376 P.2d 446 (1962).

█ Appellant's second contention is that the court erred in submitting the question of attempt to the jury when burglary was charged in the information. We do not agree. Rule 295, Ariz.R.Crim.P., 17 A.R.S., provides:

> "Upon an indictment or information for any offense the jurors may convict the defendant of an attempt to commit such offense, if the attempt is an offense, or convict him of any offense which is necessarily included in the offense charged."

The trial court's procedure was precisely as the rule prescribes. Attempt to commit a crime has been made a crime in Arizona, A.R.S. § 13–108 et seq., and in this case is *necessarily included in the offense charged.*

State v. Rowe, supra; State v. Carpenter, 1 Ariz.App. 522, 405 P.2d 460 (1965).

█ Appellant's final argument is directed at alleged error in the trial court having given an instruction on burglary when the crime of burglary was not submitted to the jury.[3] The state responds that this issue is not properly before the court the instruction not having been set forth in *haec verba* in the appendix to the brief.[4] We find it unnecessary to pass on this issue as there is a more basic defect in appellant's argument. At trial defense counsel in an apparent objection "excepted" to the giving of the complained of instruction on the ground that it was "a statement of the portion of the law of burglary, or attempted burglary, but not all of it." The objection is too general. A general objection is equivalent of no objection at all. State v. Taylor, 99 Ariz. 85, 407 P.2d 59 (1965), cert. den. 384 U.S. 979, 86 S.Ct. 1878, 16 L.Ed.2d 689 (1966). The question not being properly raised at trial cannot now be raised on appeal. State v. Scott, 105 Ariz. 109, 460 P.2d 3 (1969); State v. Powell, 5 Ariz.App. 51, 423 P.2d 127 (1967).

Pursuant to A.R.S. § 13–1715 we have examined the complete record for fundamental error, including the complained of instruction, and find no basis of prejudice to appellant or reversible error.

Affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

mitted to you. There are two verdicts that are going to be submitted for your consideration. One will be not guilty and guilty of an attempt to commit burglary."

2. A.R.S. § 13–109 states: "A person may be convicted of an attempt to commit a crime, although it appears upon the trial that the crime intended or attempted was perpetrated by the person in pursuance of such an attempt, * * *"

3. STATE'S REQUESTED INSTRUCTION NO. 1: A person entering a building with intent to commit grand or petty theft therein, is guilty of burglary.
   Burglary committed in the night time is burglary in the first degree. Night time means the period between sunset and sunrise. A.R.S. §§ 13–301, 13–302, as amended.

4. Ariz.Sup.Ct.R. 5(b) 10, as amended.