**UNITED STATES of America,**
**Appellee,**

v.

**Hector FRANCISCO-ROMANDIA,**
**Appellant.**

**No. 74-1162.**

United States Court of Appeals,
Ninth Circuit.

Oct. 2, 1974.

Certiorari Denied Jan. 27, 1975.
See 95 S.Ct. 831.

Matthew N. Lees (argued), San Diego, Cal., for appellant.

Thomas M. Coffin, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before HUFSTEDLER and GOODWIN, Circuit Judges, and NEILL,* District Judge.

OPINION

PER CURIAM:

One issue on appeal requires discussion: Did the release from custody of twenty material witnesses deprive the appellant of due process under the holding of United States v. Tsutagawa (9th Cir. 1974) 500 F.2d 420 and United States v. Mendez-Rodriguez (9th Cir. 1971) 450 F.2d 1? We hold that it did not under the circumstances of this case.

Thirty-one illegal aliens were discovered when officers entered a residence which they had probable cause to believe was then being burglarized. Appellant's codefendants were arrested there. Appellant was not in the house. His complicity in the alien smuggling ring was revealed by statements of two of the aliens who later identified appellant at trial as one of the persons who visited the residence and brought them food and by another alien who testified that he had talked to appellant about when the aliens would be transported north.

Appellant was indicted on August 15, 1973, for conspiring to smuggle aliens, but he was not apprehended until about one month later. Meanwhile, two of his codefendants, through their counsel, stipulated with the Government to the release of all alien material witnesses except nine. Each of the witnesses to whom the stipulation applied was released by the court upon his executing a $500 bail bond, and each was subpoenaed to return on the date of trial. The court advised the released witnesses of the penalties for bail jumping if they failed to appear on the return date. The bail bonds for the witnesses contained their

* Honorable Marshall A. Neill, Chief Judge, District of Eastern Washington, sitting by assignment.

residential addresses. After appellant was apprehended, he objected to the release of the aliens, but he made no effort to pursue them through his own actions or those of the Government. The elements of unfairness in *Tsutagawa* and *Mendez-Rodriguez* are absent here.

The aliens were released not by the unilateral action of the Government, but by stipulation followed by a court order. The released witnesses were under subpoena. At the time they were released, appellant was a fugitive.

No abuse of discretion appears in failing to detain all material witnesses in custody for the benefit of an unapprehended defendant who may some day be caught and who may then want to interview them at his convenience.

Affirmed.