**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose VEGA–LIMON, Defendant-Appellant.**

**No. 76–3070.**

United States Court of Appeals,
Ninth Circuit.

March 3, 1977.

---

Joseph Milchen, Howard B. Frank, San Diego, Cal., argued for defendant-appellant.

Howard A. Allen, Asst. U. S. Atty., on the brief, Terry J. Knoepp, U. S. Atty., Howard A. Allen, Asst. U. S. Atty., argued, San Diego, Cal., argued for plaintiff-appellee.

Before BROWNING, CARTER, and WALLACE, Circuit Judges.

## OPINION

PER CURIAM:

Appellant was convicted in a court trial of conspiracy to smuggle, transport, conceal, harbor and shield illegal aliens, in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324. We affirm.

■ 1. Appellant correctly points out that an accused cannot be convicted on his uncorroborated confession alone (*Smith v. United States*, 348 U.S. 147, 152, 75 S.Ct. 194, 99 L.Ed. 192 (1954)), and that the corpus delicti must be established wholly or in part by independent evidence. *See Opper v. United States*, 348 U.S. 84, 93, 75 S.Ct. 158, 99 L.Ed. 101 (1954). But appellant misapplies *Smith* when he contends that, because an "intangible" crime is involved in this case as in *Smith*, the corroborative evidence must not only confirm the trustworthiness of appellant's confession but also implicate appellant himself. The crime charged in *Smith* was tax evasion. Because of the nature of that offense the corroborative evidence necessarily implicated the accused, since the fact of the crime (the corpus delicti) was inseparably bound up with defendant's identity. Here, by contrast, a conspiracy was charged that involved three persons, in addition to appellant. The existence of a conspiracy could be established without implicating appellant, merely by showing an unlawful agreement and overt act by two of the others. Once the conspiracy was established, only slight evidence was required to link appellant to it. *United States v. Westover*, 511 F.2d 1154, 1157 (9th Cir. 1975). Appellant's confession provided the requisite link. *Fisher v. United States*, 324 F.2d 775, 779 (8th Cir. 1963); *Cutchlow v. United States*, 301 F.2d 295, 297 (9th Cir. 1962).

■ 2. The trial court did not abuse its discretion in denying appellant's pretrial motion to dismiss the indictment because alien material witnesses were placed beyond the compulsory process of the court. The government made every effort to protect appellant's rights by seeking detention of the witnesses. The court detained them for more than ten days after an arrest warrant issued. Appellant was a fugitive from justice. The court could infer from the evidence that he knew his co-conspirators had been arrested and that a warrant for his arrest was outstanding. Since he purposely evaded apprehension he cannot now complain that he had no opportunity to interview the released aliens. *See United States v. Francisco-Romandia*, 503 F.2d 1020, 1021 (9th Cir. 1974).

■ 3. Appellant argues that certain evidence admitted by the trial court was irrelevant because it did not implicate appellant specifically. The evidence tended to prove the existence of a conspiracy to smuggle aliens. Since appellant's conviction was conditioned on proof of the conspiracy, the evidence was properly admitted against appellant even though it did not implicate him personally. Appellant's confession was sufficient for that purpose.

Affirmed.