IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,                    )        2 CA-CR 2000-0216
                                         )        2 CA-CR 2001-0300-PR
                    Appellee/Respondent, )        (Consolidated)
                                         )        DEPARTMENT A
         v.                              )
                                         )        O P I N I O N
CARL WASHINGTON MORGAN, JR.,             )
                                         )
                    Appellant/Petitioner.)
                                         )
_____  )


APPEAL AND PETITION FOR REVIEW
FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-62744

Honorable Bernardo P. Velasco, Judge
Honorable Jane L. Eikleberry, Judge

AFFIRMED;
PETITION FOR REVIEW GRANTED; RELIEF DENIED

_____

Janet Napolitano, Arizona Attorney General
  By Randall M. Howe and John L. Saccoman                          Phoenix
                                                       Attorneys for Appellee


Isabel G. Garcia, Pima County Legal Defender
  By Alex D. Heveri                                                 Tucson
                                              Attorneys for Appellant/Petitioner

_____


H O W A R D, Judge.


**¶1**        After a jury trial, appellant Carl Morgan was convicted of two counts of sexual

conduct with a minor under fifteen years of age, one count each of child molestation, sexual

assault of a minor under the age of fifteen years, and kidnapping. He was sentenced to various concurrent and consecutive prison terms totaling forty-nine years. On appeal, he contends the trial court erred by refusing to give lesser-included offense instructions on certain charges and by failing to grant his motion for judgment of acquittal on the sexual conduct and child molestation charges. Finding no error, we affirm.

¶2      In his consolidated petition for review from the trial court's denial of relief on his petition for post-conviction relief, Morgan contends his trial counsel was ineffective in failing to move to exclude certain evidence and in failing to cite the appropriate authority on the necessity of proof of the corpus delicti. We grant review, but, because we find the trial court did not abuse its discretion in dismissing the petition, we deny relief.

### FACTS AND PROCEDURAL BACKGROUND

¶3      We view the facts in the light most favorable to sustaining the convictions. *State v. Powers*, 200 Ariz. 123, ¶2, 23 P.3d 668, ¶2 (App. 2001). One evening in 1998, Morgan and his half-brother, Carl Watkins, approached two girls, the victim Y., age twelve, and her acquaintance B., age fourteen, and asked the girls if they wanted to drink alcohol and go "cruising." The girls agreed and got into the back seat of the men's car. Watkins bought alcohol, and the two men and the girls drank it.

¶4      They then drove to a park, where Y. and B. used the restroom. Y. was so intoxicated that she could not walk without assistance. B. asked the men to take the girls home, but Watkins refused, saying it was "too early to leave." Morgan and Y. walked back to the car, and, when B. attempted to follow them, Watkins grabbed her arm and tried to stop her. B. eventually returned to the car where she saw Morgan in the back seat with Y., who was naked

2

from the waist down. B. saw that Y. was straddling Morgan, whose pants were pulled down, and that Morgan's hands were around Y.'s midsection. B. rapped on the window and asked Y. to open the car door, which was locked, and Y. and Morgan then pulled up their pants.

¶5 The four then drove to a grocery store, where Watkins told B. to go buy a soda because her breath smelled of alcohol. Y. was nearly unconscious in the back seat. B. walked to a soda machine but, when she turned around, the car was gone. Later that night, the two men left Y. naked on a desert road, where she then lost consciousness.

¶6 The next day, Y. underwent a medical examination, which showed she had been vaginally and anally penetrated. Deoxyribonucleic acid (DNA) testing was conducted on semen found in Y.'s vagina and anus. After Y. identified Morgan in a photographic line-up, he agreed to speak with police. He confessed that he and Y. had engaged in oral sex with each other, that he had digitally penetrated her and fondled her breasts, and that he had ejaculated on her. The DNA on the vaginal swab did not match Morgan's, but the DNA on the anal swab did.

¶7 The state charged Morgan with: 1) two counts of sexual conduct with a minor under the age of fifteen for engaging in oral sexual contact with Y. and forcing her to have oral sexual contact with him; 2) one count of child molestation for touching Y.'s genitals with his hand; 3) one count of sexual assault of a minor under the age of fifteen for engaging in sexual intercourse with Y. without her consent; and 4) one count of kidnapping. At trial, Y.'s memory of what had occurred that night was not entirely clear. But she did remember Morgan's having been on top of her in the back seat, hurting her in a manner "similar to sex," repeatedly pushing her down when she tried to get up, and having his penis "in [her]." She also remembered Morgan's having kissed her, touched her breasts when all her clothes were off, and touched her

3

"in [her] legs." The last thing she remembered was being shoved out of the car by Morgan, getting tangled in the seat belt, and being left naked on a desert road. The jury found Morgan guilty on all counts.

## APPEAL

### 1. Lesser-included Offense Instruction

**¶8** Morgan first argues the trial court erred by refusing to give lesser-included offense jury instructions he had requested for certain charges. We review a trial court's refusal to give a requested instruction for an abuse of discretion. *State v. Bolton*, 182 Ariz. 290, 309, 896 P.2d 830, 849 (1995).

**¶9** Although Morgan complains that the trial court refused to give a lesser-included instruction on sexual abuse, as the state points out in its answering brief, no sexual abuse charge was submitted to the jury. Morgan has not filed a reply brief to explain this discrepancy. Accordingly, we reject his argument that he was entitled to a lesser-included instruction on sexual abuse.

**¶10** Morgan also contends that the trial court erroneously refused to instruct the jury on attempted sexual conduct as a lesser-included offense of the sexual conduct charges. The state counters that Morgan has waived appellate review of this issue because he argued below that the insufficiency of the evidence of sexual conduct justified the attempt instruction, rather than that the evidence affirmatively supported giving an attempt instruction. Although the state has identified a distinction, we believe Morgan's argument below sufficiently presented the issue to the trial court, and we thus review it.

4

¶11 Morgan contends that an attempt is a lesser-included offense of the completed offense, relying on *State v. McCurdy*, 15 Ariz. App. 227, 487 P.2d 764 (1971). He claims that Y. remembered only that he had kissed her, touched her in her legs, and fondled her breasts, but "could not remember if he was the one that raped her," reasoning that the jury could have found he had merely attempted to commit sexual conduct.

¶12 The state points out that, although an attempt can be a lesser-included offense, the evidence still must support conviction of the lesser-included offense in order to merit an instruction. *See State v. Lara*, 183 Ariz. 233, 235, 902 P.2d 1337, 1339 (1995); *State v. Marshall*, 197 Ariz. 496, ¶35, 4 P.3d 1039, ¶35 (App. 2000). "A person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact" with a minor. A.R.S. § 13-1405(A).

¶13 The sexual conduct with a minor charges against Morgan were based on alleged oral sexual contact. Although she testified that Morgan had had intercourse with her, Y. did not testify about any acts of oral sexual contact that constituted sexual conduct. But Morgan admitted to the police officers that he had engaged in oral sexual contact with Y. and that Y. had had oral sexual contact with him. This was evidence of completed offenses of sexual conduct with a minor, but not of lesser-included offenses of attempted sexual conduct. And, as the state points out, Y.'s testimony that Morgan had kissed and fondled her is evidence of other completed crimes, not of attempted sexual conduct with a minor. Neither the state nor Morgan argued differently below. By virtue of his confession, Morgan was either guilty of the greater offenses or not guilty at all. Under these circumstances, the trial court properly refused to instruct the jury on the lesser-included offenses of attempted sexual conduct. *See State v. Dickens*, 187 Ariz. 1, 23, 926 P.2d

5

468, 490 (1996) (lesser-included offense instruction not required if defendant is either guilty of greater offense or not at all); *Lara*; *Marshall*.

**2. Corpus Delicti**

¶14      Morgan argues the trial court erred by allowing the state to introduce his confession into evidence without first proving by independent evidence the corpus delicti of the crimes of sexual conduct, stemming from the alleged oral sexual contact, and child molestation, stemming from the alleged touching of Y.'s genitals. Although he did not raise this issue in an earlier motion to suppress his statements to police, Morgan did raise it in his motion for judgment of acquittal, made pursuant to Rule 20, Ariz. R. Crim. P., 17 A.R.S., at the close of the state's case. We review a trial court's denial of a Rule 20 motion based on the corpus delicti doctrine for an abuse of discretion. *State v. Jones*, 198 Ariz. 18, ¶13, 6 P.3d 323, ¶13 (App. 2000) ("[T]he sufficiency of the evidence of the *corpus delicti* are matters within the discretion of the trial court.").

¶15      A defendant may not be convicted of a crime based on an uncorroborated confession without independent proof of the corpus delicti, or the "body of the crime." *State v. Gillies*, 135 Ariz. 500, 506, 662 P.2d 1007, 1013 (1983); *Jones*, 198 Ariz. 18, ¶12, 6 P.3d 323, ¶12. The state "must establish the *corpus delicti* by showing proof of a crime and that someone is responsible for that crime." *Jones*, 198 Ariz. 18, ¶12, 6 P.3d 323, ¶12. Ultimately, "only a reasonable inference" that the corpus delicti exists is sufficient to permit the fact-finder to consider the defendant's confession. *State v. Janise*, 116 Ariz. 557, 559, 570 P.2d 499, 501 (1977).

¶16      The purpose of the corpus delicti rule is to prevent a defendant from being convicted based on a coerced or otherwise untrue confession. *Smith v. United States*, 348 U.S.

147, 75 S. Ct. 194, 99 L. Ed. 192 (1954); *State v. Gerlaugh*, 134 Ariz. 164, 654 P.2d 800 (1982); *Jones*. But the rule has been the subject of criticism claiming that other safeguards exist to prevent convictions based on coerced confessions and that the rule can impede the truth-finding process. *See, e.g.*, 1 John W. Strong et al., *McCormick on Evidence* § 145, at 520 (5th ed. 1999); *Developments in the Law—Confessions*, 79 Harv. L. Rev. 938, 1084 (1966).

¶17     The corpus delicti rule has been applied in numerous ways. *See State v. Parker*, 337 S.E.2d 487 (N.C. 1985); Strong, *supra*, at 521 ("There are several quite different formulations of the [corpus delicti] requirement."). The traditional, and majority, approach "requires there be corroborative evidence, independent of the defendant's confession, which tends to prove the commission of the crime charged." *Parker*, 337 S.E.2d at 491; Strong, *supra*, at 525. Another variation, abandoned by many courts, requires that independent proof support each and every element of the crime. *Parker*, 337 S.E.2d at 491; Strong, *supra*, at 526. And yet another approach requires independent proof that the confession be trustworthy, rather than requiring proof of the corpus delicti. *Parker*, 337 S.E.2d at 492; Strong, *supra*, at 527-29. Arizona cases have indicated that a corroborated confession may be used to establish proof of an element of the crime. *See State v. Flores*, 202 Ariz. 221, ¶5, 42 P.3d 1186, ¶5 (App. 2002), *citing Jones*, 198 Ariz. 18 n.6, 6 P.3d 323 n.6.

¶18     Both *Flores* and *Jones* rely on *Smith*. In *Smith*, the United States Supreme Court stated:

> In addition to differing views on the substantiality of specific independent evidence, the debate has centered largely about two questions: (1) whether corroboration is necessary for all elements of the offense established by admissions alone, and (2) whether it is sufficient if the corroboration merely fortifies the truth of the

> confession, without independently establishing the crime charged. We answer both in the affirmative. All elements of the offense must be established by independent evidence or corroborated admissions, but one available mode of corroboration is for the independent evidence to bolster the confession itself and thereby prove the offense "through" the statements of the accused.

348 U.S. at 156, 75 S. Ct. at 199, 99 L. Ed. at 200 (citations omitted); *see also Opper v. United States*, 348 U.S. 84, 75 S. Ct. 158, 99 L. Ed. 101 (1954). After *Smith*, most federal courts adopted this "trustworthiness" approach. *See, e.g., United States v. Shunk*, 881 F.2d 917, 918-20 (10th Cir. 1989); *United States v. O'Connell*, 703 F.2d 645, 648 (1st Cir. 1983); *United States v. Vega-Limon*, 548 F.2d 1390, 1391 (9th Cir. 1977); *United States v. Seckler*, 431 F.2d 642, 643 (5th Cir. 1970).

¶19        Many courts have also been willing to accept what is, in essence, a trustworthiness approach for closely related offenses. For instance, in *Drumbarger v. State*, 716 P.2d 6, 12 (Alaska Ct. App. 1986), the court found that an independent witness's testimony that she had seen the defendant engaged in one incident of sexual assault on a child sufficiently corroborated the defendant's confession to two other incidents that were "so closely allied in time and circumstance . . . that the trustworthiness of [the] confession as a whole was sufficiently established." In *West v. Johnson*, 92 F.3d 1385 (5th Cir. 1996), the court found that, although the only evidence of theft was the defendant's confession, through evidence bolstering the confession, the state had sufficiently proved theft as the felony underlying burglary to support the defendant's conviction for felony murder. In *Willoughby v. State*, 552 N.E.2d 462, 467 (Ind. 1990), the court, accepted the defendant's confession, explaining its rationale as follows:

> We are persuaded that where a defendant confesses to several crimes of varying severity within a single criminal episode,

8

strict and separate application of the corpus delicti rule to each offense adds little to the ultimate reliability of the confession once independent evidence of the principal crimes is introduced. The confession at that point has been substantially corroborated. In such a case the confession stands as direct evidence of each crime, even those not separately corroborated, if the independent evidence establishes the corpus delicti of the principal crime or crimes.

And, after reviewing the differing versions of the corpus delicti rule, the court in *Parker* decided:

> We therefore hold that under the particular facts presented in this case, where the defendant was charged with multiple crimes; the *corpus delicti* as to the more serious offenses was established independently of the defendant's confession; an element of the crime, use of a deadly weapon, was also established by independent evidence; and the State's evidence closely paralleled the defendant's statements as to the manner in which he committed the offenses, there was sufficient corroborative evidence to bolster the truthfulness of the defendant's confession and to sustain a conviction as to the Herring armed robbery even though there was no independent evidence tending to prove the *corpus delicti* of that crime.

337 S.E. 2d at 496-97.

¶20    Of particular significance in the present case, one court, in upholding a conviction for sexual assault when evidence independent of the defendant's conviction supported the corpus delicti for murder but not for sexual assault, stated:

> "An exception to the corpus delicti rule known as the closely related crime exception was specifically approved of by this Court . . . . This exception comes into play where an accused is charged with more than one crime, and the accused makes a statement related to all the crimes charged, but the prosecution is only able to establish the corpus delicti of one of the crimes charged. Under those circumstances where the relationship between the crimes is sufficiently close so that the introduction of the statement will not violate the purpose underlying the corpus delicti rule, the statement of the accused will be admissible as to all the crimes charged."

*Commonwealth v. Bardo*, 709 A.2d 871, 874 (Pa. 1998), *quoting Commonwealth v. Verticelli*, 706 A.2d 820, 823 (Pa. 1998) (citation omitted).

¶21 Courts have also recognized that, in sexual offenses, the victim may not be available to testify or may not be able to testify truthfully. In a case with facts similar to those before us, the California Supreme Court found sufficient proof of the corpus delicti of forcible oral copulation despite the lack of any evidence of semen in the victim's mouth. *People v. Jones*, 949 P.2d 890 (Cal. 1998). The court stated that only "minimal" evidence is necessary to corroborate a confession and that evidence that the victim had been beaten, shot in the head, and had semen on other parts of her body was sufficient. *Id.* at 903. As the court further stated: "This circumstantial evidence of multiple forcible sexual acts sufficiently establishes the requisite prima facie showing of both (i) an injury, loss or harm, and (ii) the involvement of a criminal agency." *Id.* Although, in *Jones*, no semen was found in the victim's mouth, the court held the corpus delicti rule did not require independent evidence of every physical act constituting an element of the offense.

¶22 Likewise, in *Morning v. Commonwealth*, 561 S.E.2d 23 (Va. Ct. App. 2002), the court held that the victim's statement confirming all details of the defendant's confession except for the sexual activity was sufficient corroboration of the confession to satisfy the corpus delicti rule. Finally, in Arizona, the *Gillies* court found that evidence that the victim's body had not had on underpants, that her shoe had been inside her pantyhose, that seminal fluid had been found in her vagina, and that foreign pubic hairs had been found in her pubic area was altogether sufficient to overcome a motion for directed verdict of acquittal on a sexual assault charge, despite the lack of any specific evidence of sexual assault.

10

¶23 Here, based on his confession that he had engaged in oral sexual contact with Y. and had forced her to do so with him, Morgan was charged with two counts of sexual conduct with a minor, which, as stated, occurs when "[a] person . . . intentionally or knowingly engag[es] in . . . oral sexual contact" with a minor. § 13-1405(A). Y. did not testify about any oral sexual contact, nor did B. But Morgan's semen was found in Y.'s anus, and she testified that he had forcefully had intercourse with her. And B. testified that she had seen Y. in the back seat of the car straddling Morgan and that both of them were naked from the waist down. Y.'s and B.'s testimony was very similar to Morgan's confession concerning facts that each remembered or had witnessed. Y. was unable to remember some events because Morgan had supplied her with alcoholic beverages and encouraged her to become intoxicated. Independent evidence established the commission of several sexual crimes closely related to the sexual conduct. Although, absent Morgan's confession, the evidence did not show that Y. and Morgan had any oral sexual contact, the confession was sufficiently corroborated to eliminate any concern that it could be untrue and, thus, supported a "reasonable inference" that the offense had occurred. *Janise*; *see also Gillies*. Accordingly, the trial court did not err in denying Morgan's Rule 20 motion.

¶24 Nevertheless, Morgan also complains that the state failed to establish the corpus delicti for child molestation. "A person commits molestation of a child by intentionally or knowingly engaging in or causing a person to engage in sexual contact, except sexual contact with the female breast, with a child under fifteen years of age." A.R.S. § 13-1410. "'Sexual contact' means any direct or indirect touching, fondling or manipulating of any part of the genitals, anus or female breast by any part of the body or by any object or causing a person to engage in such contact." A.R.S. § 13-1401(2). Y. testified that Morgan had touched her between her legs.

11

Consequently, the state presented adequate proof of the molestation without Morgan's confession, and Morgan's argument is without merit.

## PETITION FOR REVIEW

¶25    In his petition for post-conviction relief, filed pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S., Morgan argued he had received ineffective assistance of counsel at trial. The judge dismissed the petition, summarily denying relief. This petition for review followed, in which Morgan now argues he presented colorable claims warranting an evidentiary hearing. We review for an abuse of discretion a trial court's ruling on a petition for post-conviction relief. *State v. Watton*, 164 Ariz. 323, 325, 793 P.2d 80, 82 (1990).

¶26    To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Nash*, 143 Ariz. 392, 692 P.2d 222 (1985). A colorable claim of post-conviction relief is "one that, if the allegations are true, might have changed the outcome." *State v. Runningeagle*, 176 Ariz. 59, 63, 859 P.2d 169, 173 (1993).

¶27    Morgan first argues, as he did below, that his trial counsel was ineffective because he failed to move to exclude DNA evidence. At trial, the state's expert testified that DNA evidence had been obtained from semen found in Y.'s vagina and anus and that the odds were 35,000 to 1 that Morgan was the donor of the anal semen. On cross-examination, the expert admitted she had used a DNA sample smaller than the amount directed to be used by the testing kit manufacturer and the Tucson Police Department. Nevertheless, in her opinion, the amount used was still sufficient for the test to be valid.

12

¶28    Morgan's expert testified at his trial, confirming that the amount of DNA material used in the state's testing was below the amount prescribed. He stated that testing using an insufficient amount of DNA is unreliable because it "could produce a false incrimination." He also stated he had considered the test results from Y.'s anal swab to be distorted and inconclusive. He added that, if he had conducted the DNA testing in Morgan's case, he "would have indicated in the report . . . that caution needs to be taken in interpreting" the results because there had been insufficient DNA to test with the kit the state had used.

¶29    In his Rule 32 petition, Morgan argued that his trial counsel had been ineffective because he had failed to move before trial to suppress the DNA tests under *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923). In an affidavit attached to his Rule 32 petition, another DNA expert stated that, because an insufficient amount of DNA had been used, the test results "should be considered with great skepticism." Morgan claimed that, under *Frye*, the DNA evidence was inadmissible and that, but for its admission, the trial court would have directed a verdict in his favor on the sexual assault charge.

¶30    In summarily denying Morgan's petition, the judge stated there was "no evidence" that the DNA testing failed to meet the *Frye* standard and that "it appears using a smaller sample can result in false negative results, but not false positive results." The judge concluded that "the testimony of the State's DNA expert was based upon generally accepted scientific evidence and was properly admitted." Morgan argues the judge erred in summarily denying relief, reiterating his claim that, under *Frye*, the DNA evidence was inadmissible and the outcome of his trial would have been different had counsel moved to suppress the evidence.

13

¶31 *Frye* establishes the "standard in ruling on the admissibility of novel scientific evidence." *State v. Lehr*, 201 Ariz. 509, ¶17, 38 P.3d 1172, ¶17 (2002). To be admissible, the evidence and its application must be generally accepted in the scientific community. *Id.* at ¶17. Furthermore, "there needs to be a foundational showing that correct procedures were followed in a given case." *Id.* However, "[t]his foundation is distinct from the *Frye* finding itself and, in the judge's discretion, may initially be provided at trial in front of the jury rather than at a separate hearing." *Id.*

¶32 Generally, DNA testing is "a technique that meets *Frye* standards in Arizona." *State v. Marshall*, 193 Ariz. 547, ¶6, 975 P.2d 137, ¶6 (App. 1998); *see also State v. Bible*, 175 Ariz. 549, 858 P.2d 1152 (1993). Morgan does not argue that the type of testing performed here was novel scientific evidence. As a result, no separate pretrial *Frye* hearing was required. *See Lehr*. Accordingly, Morgan's trial counsel was not ineffective for failing to request such a hearing.

¶33 Morgan also challenges the foundation of the state's DNA evidence by claiming it used an insufficient amount of DNA and followed incorrect procedures. But the expert testified that the amount was sufficient, and that testimony provided a sufficient basis for the trial court to admit the evidence. Further, Morgan's trial counsel presented his challenge at trial through his expert. Any disagreement between the experts about the procedure used went to the weight, not the admissibility, of the evidence. *See State v. Morgan*, 128 Ariz. 362, 371, 625 P.2d 951, 960 (App. 1981). Accordingly, Morgan did not present a colorable claim because he failed to show he was prejudiced by his attorney's failure to request a *Frye* hearing, *see Strickland*;

14

*Runningeagle*; *Nash*, and the trial court did not abuse its discretion in denying relief on this claim. *See Watton*.

**¶34** Morgan also argues his trial counsel was ineffective "in failing to direct the trial court to appropriate law in support" of his claim in his Rule 20 motion that the state had failed to establish the corpus delicti because only Morgan's confession supported the sexual conduct and child molestation counts. Because we have already rejected Morgan's corpus delicti argument, he cannot show prejudice resulting from his attorney's conduct, and his claim fails. *See Strickland*; *Nash*.

**¶35** Morgan's convictions and sentences are affirmed. We grant his petition for review, but deny relief.

_____
JOSEPH W. HOWARD, Judge

CONCURRING:


_____
J. WILLIAM BRAMMER, JR., Presiding Judge


_____
M. JAN FLÓREZ, Judge

15