HOWARD, Presiding Judge,
specially concurring.
¶ 10 I concur in the majority’s refusal to extend the reasoning in State v. Donald, 198 Ariz. 406, 10 P.3d 1193 (App.2000), to this situation and write separately to briefly explain why. Applying the Donald, reasoning to a defendant’s rejection of a plea bargain would extend the Sixth Amendment’s right to counsel beyond its constitutional purpose.[4]
The Sixth Amendment provides that a criminal defendant shall have the right to “the Assistance of Counsel for his de-fence.” This right has been accorded, we have said, “not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial.” United States v. Cronic, 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). It follows from this that assistance which is ineffective in preserving fairness does not meet the constitutional mandate, see Strickland v. Washington, 466 U.S. 668, 685-686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); and it also follows that defects in assistance that have no probable effect upon the trial’s outcome do not establish a constitutional violation.
Mickens v. Taylor, 535 U.S. 162, 166, 122 S.Ct. 1237, 1240, 152 L.Ed.2d 291 (2002). Although the Sixth Amendment only concerns trial rights, the Supreme Court has interpreted it to include critical stages of the pretrial procedures during which the defendant’s trial rights can be lost or impaired. In doing so, the Court explained that:
[I]n addition to counsel’s presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel’s absence might derogate from the accused’s right to a fair trial.... [W]e scrutinize any pretrial confrontation of the accused to determine whether the presence of his counsel is necessary to preserve the defendant’s basic right to a fair trial....
United States v. Wade, 388 U.S. 218, 226-27, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149 (1967) (emphasis in original) (footnote omitted).
¶ 11 What constitutes a “critical stage” for purposes of the Sixth Amendment right to counsel has been broadly defined. “A critical stage is any ‘stage of a criminal proceeding where substantial rights of a criminal accused may be affected.’ ” Hovey v. Ayers, 458 F.3d 892, 901 (9th Cir.2006), quoting Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967); see also Bell v. Cone, 535 U.S. 685, 696, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914 (2002) (defining a critical stage as “a step of a criminal proceeding, such as arraignment, that h[o]ld[s] significant consequences for the accused”).
¶ 12 Many pretrial proceedings have been deemed “critical stages” in which the accused has the right to counsel, including entry of a guilty plea at a preliminary hearing, see White v. Maryland, 373 U.S. 59, 60, 83 S.Ct. 1050, 1051, 10 L.Ed.2d 193 (1963) (per cu-riam ); post-indictment police lineups, Wade, 388 U.S. at 228-29, 87 S.Ct. at 1933 (“innumerable dangers” inherent in police lineups including possibility of improper suggestion and likelihood that issue of identity will be conclusively determined there); arraignments, Hamilton v. Alabama, 368 U.S. 52, 53, 82 S.Ct. 157, 158, 7 L.Ed.2d 114 (1961); and custodial interrogations, Miranda v. Arizona, 384 U.S. 436, 444-45, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966) (when requested by accused, counsel required at questioning to protect Fifth Amendment right against self-incrimination). See also Gardner v. Florida, 430 U.S. 349, 358, 97 S.Ct. 1197, *197 1204-05, 51 L.Ed.2d 393 (1977) (plurality). The Supreme Court’s decision to extend the right to counsel to each of the critical stages listed above has been based on the effect that proceeding could have on the accused’s trial and sentencing rights.
¶ 13 Because a defendant’s trial rights can be forfeited in a plea agreement, see State v. Murdaugh, 209 Ariz. 19, ¶ 33, 97 P.3d 844, 852 (2004), the plea bargaining process must be considered a critical stage of the proceedings, see Hovey, 458 F.3d at 901. But, the rejection of a plea bargain does not jeopardize or insult any of a defendant’s Sixth Amendment trial rights. See State ex rel. Bowers v. Superior Court, 173 Ariz. 34, 40, 839 P.2d 454, 460 (App.1992) (“However, in rejecting a plea agreement, the court does not impair any of defendant’s constitutional rights; rather, the court restores to defendant the rights he has relinquished in the written agreement, and that agreement becomes inadmissible at any subsequent proceeding. See Rule 17.4(f), [Ariz. R.Crim. P., 16A A.R.S.]”), disapproved on other grounds by Espinoza v. Martin, 182 Ariz. 145, 148, 894 P.2d 688, 691 (1995). That is because, after rejecting the plea bargain, a defendant can still receive a fair trial with the assistance of counsel. And nothing that occurs during the plea negotiations can be used against him.[5] Ariz. R.Crim. P. 17.4(f). Therefore, under Mickens, alleged ineffective assistance of counsel in rejecting a plea offer is a defect that cannot possibly have an “effect upon the trial’s outcome” and consequently does not establish a constitutional violation. Mickens, 535 U.S. at 166, 122 S.Ct. at 1240.
¶ 14 Some courts have held that because a defendant has a right to effective assistance of counsel when he enters a plea, he must also have the right when he rejects the plea. See In re Alvernaz, 2 Cal.4th 924, 8 Cal.Rptr.2d 713, 830 P.2d 747, 753 (1992). But the fact that the defendant has the right to effective assistance of counsel does not automatically mean that ineffective assistance results in a Sixth Amendment violation necessitating the vacation of an untainted jury verdict. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), has always required a finding of prejudice. See State ex rel. Thomas v. Rayes, 214 Ariz. 411, ¶¶ 10, 12, 18, 153 P.3d 1040, 1042, 1044 (2007). Even if counsel has provided ineffective assistance, such a claim fails if no prejudice occurred. See, e.g., State v. Morgan, 204 Ariz. 166, ¶ 33, 61 P.3d 460, 468 (App.2002). Thus, when the defendant accepts a plea agreement, the defendant gives up trial rights, and ineffective assistance prejudices him. But the same is not true when the defendant rejects a plea offer because he does not give up any trial rights and his Sixth Amendment trial rights are not insulted. See Mickens, 535 U.S. at 166, 122 S.Ct. at 1240.
¶ 15 Tying the right to counsel to its constitutional purpose eliminates the problem courts have grappled with when attempting to fashion a remedy where a defendant claims ineffective assistance in plea bargaining. Requiring the state to offer a plea bargain or even enter into negotiations for one contradicts the notion that the defendant has no constitutional right to a plea bargain and may well invade the separate powers of the prosecutor to decide whether to offer one. See Donald, 198 Ariz. 406, ¶ 48, 10 P.3d at 1205-06 (Bereh, J., concurring in part and dissenting in part). Additionally, requiring a new trial, after the defendant has already had a fair trial, with effective assistance of counsel, is illogical because it does nothing to remedy the alleged constitutional violation. If a jury has already determined the truth, the defendant’s only hope in requesting a new trial is that a future jury may make a mistake and find him not guilty. The Sixth Amendment is not designed to ensure the defendant multiple trials hoping that one jury will eventually make a mistake:
“ ‘Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of *198 justice____ [T]he concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.’ ”
Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), quoting United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979), quoting United States v. Smith, 440 F.2d 521, 528-29 (7th Cir.1971) (Stevens, J., dissenting).
¶ 16 At least two courts from other jurisdictions have decided that no constitutional violation occurs if a defendant receives ineffective assistance of counsel when he rejects a plea offer. See Bryan v. State, 134 S.W.3d 795, 802-03 (Mo.Ct.App.2004); State v. Knight, 734 P.2d 913, 919 n. 7 (Utah 1987); cf. State v. Monroe, 757 So.2d 895, 898 (La.Ct.App.2000) (defendant who rejects plea bargain suffers no prejudice to his trial rights). Although other courts have reached a different conclusion, see Donald, 198 Ariz. 406, n. 4, 10 P.3d at 1198-99 n. 4; Commonwealth v. Mahar, 442 Mass. 11, 809 N.E.2d 989, 992-93 (2004), they have not analyzed whether the defendant’s trial rights are impaired by the rejection of a plea bargain. I find the more reasoned view is that ineffective assistance of counsel in rejecting a plea agreement does not result in a Sixth Amendment violation. See Bryan; Knight.
¶ 17 Accordingly, I concur that the trial court correctly denied Vallejo post-conviction relief.

. I note that this same concern applies to Donald itself.

. Nor does a defendant have a constitutional right to a plea bargain, so no other rights are implicated. See State v. McKinney, 185 Ariz. 567, 575, 917 P.2d 1214, 1222 (1996) (no constitutional right to plea bargain).