587 P.2d 1177

**STATE of Arizona, Appellee,**

v.

**David Lee WILLIAMS, Appellant.**

**No. 4027.**

Supreme Court of Arizona,
In Banc.

Nov. 17, 1978.
Rehearing Denied Dec. 19, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III, Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Donald E. Wolfram, Gary S. Fidel, Phoenix, for appellant.

**STRUCKMEYER, Vice Chief Justice.**

The Maricopa County Grand Jury indicted David Lee Williams for armed robbery and murder. After a jury trial, he was convicted and sentenced to concurrent terms of life imprisonment for first degree murder and not less than five nor more than fifteen years for armed robbery. He appeals.

Appellant was arrested on an outstanding traffic warrant by two Maricopa County Sheriff's Detectives, James Schultz and Art Moreno. He was taken to the Maricopa County Sheriff's Office, where he was advised of his constitutional rights. Appellant indicated that he understood his rights and would voluntarily answer any questions. He was then told that there was being investigated an armed robbery and homicide in which he, appellant, was believed to have been a participant and that questions which he would be asked would relate to those matters. Again appellant indicated that he would voluntarily answer any question. During the subsequent interrogation, appellant made a number of statements which tended to be incriminating concerning his participation in the robbery/murder of one Leonard Jerome of Tolleson, Arizona. At one point during the interrogation, appellant indicated that he felt he needed a lawyer; nevertheless, the officers continued the interrogation, and further incriminating answers were elicited.

Prior to trial, appellant moved to suppress all statements made to the police. The Superior Court ruled that statements made before appellant's request for an attorney were admissible, but excluded all references to subsequent statements.

Appellant first urges that the trial court erred in refusing to instruct the jury on voluntariness. His request was denied because the trial court was of the opinion that the evidence did not raise a question as to whether his statements were involuntary. Appellant testified at his trial in this fashion:

"Q. At first did you try to deny that you had anything to do with it?

A. At first, yes, I did. I tried to—I didn't really know what to do about it. I went and told them what had happened."

It is a principle of law that an instruction must be predicated on some theory of the case which may be found in the evidence, and if not so predicated, an in-

struction should not be given since the tendency is to mislead the jury. *State v. McIntyre,* 106 Ariz. 439, 477 P.2d 529 (1970); *State v. Randall,* 94 Ariz. 417, 385 P.2d 709 (1963). Appellant's testimony at a voluntariness hearing which was not introduced at the trial, to the effect that he had been tricked into confessing, does not raise an issue which would entitle him to the requested instruction on voluntariness. The voluntariness hearing was not in the presence of the jury. Consequently, appellant failed to present any evidence from which the jury could conclude that his statements were involuntary.

Appellant argues from his testimony that since he was told he was under arrest for a traffic violation and something else, there was a factual basis for the instruction. We have examined the record in detail and do not find that this argument of appellant has merit. The court did not err in denying appellant's requested instruction.

█ Appellant urges that the trial court erred in denying his motion for a mistrial. Appellant moved for a mistrial based in part on the prosecution's examination of Officer Schultz, and on statements made by the prosecutor during closing arguments. The following testimony was elicited from Officer Schultz:

"Q. Did you ask any further questions at that point?

A. I did.

Q. What did you ask?

A. I asked him, 'Did you hear or see the old man get hit?

Q. Did Mr. Williams reply?

A. He replied that—at this point Williams advised, 'I think I might need an attorney.' or, 'I think I need an attorney.'"

During closing arguments, the prosecutor made the following statement:

"Now, Mr. Wolfram also talked about what I didn't do as the prosecutor during the case. He says during the examination of Detective Schultz and during the examination of Mr. Young I didn't bring out the fact that Dorsey actually did the beating, as if I was trying to hide it. Mr. Wolfram knows very well why they weren't brought out. They weren't brought out because in the beginning of the case he made a motion to preclude them from being used at this time."

It is appellant's position that these statements when taken together amount to a comment on the exercise of his Fifth Amendment right to remain silent. In support of this argument, appellant cites *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), and *State v. Rhodes,* 110 Ariz. 237, 517 P.2d 507 (1973). However, in both cases the prosecutor commented directly on the fact that the defendant failed to take the stand. In the instant case no such comment was made. Indeed, it would not have been correct to make such a statement because appellant took the stand and admitted before the jury his participation in the crime. Even if these statements should be considered as falling within the spirit of *Griffin,* which we doubt, we consider that the error was harmless.

Appellant's third claim of error is that the State failed to make a timely and complete disclosure as required by Rule 15, Arizona Rules of Criminal Procedure, 17 A.R.S. The rule requires that the prosecutor shall make available to the defendant for examination and reproduction the written statements of all persons proposed to be called in the State's case-in-chief.

Prior to trial, the State disclosed the written statement which Steven Zaragoza, a proposed witness, had given. In the statement, Zaragoza identified a vehicle from photographs as one *similar* to that in which he had observed the appellant sitting on the day of the crimes. Appellant claims that Zaragoza substantially deviated from this by *positively* identifying the vehicle as the *same* vehicle at the trial. It is his position that the State should have disclosed that the witness intended to change his testimony in this respect.

Appellant's claim is completely without foundation. Zaragoza testified on direct examination:

"Q. Mr. Zaragoza, I show you what's been marked for identification as Exhibit Number 21, ask you to look at that. You recognize that Exhibit at all?

A. Yeah.

Q. What does that appear to be?

A. A jeep that I saw.

Q. The jeep that you saw. You're referring to the one you previously described as being outside the store?

A. Right.

Q. And again, Exhibit Number 22?

A. Same one.

Q. And Number 20?

A. Same thing.

Q. When you were leaving the store did you take down the license plate number of the jeep?

A. No.

Q. Did you take down any serial number from it at all?

A. No.

Q. Did you attempt to determine any outstanding characteristics of the vehicle?

A. No.

Q. However, looking at those pictures they appear to be the same type vehicle?

A. Yes, they do.

Q. Approximately the same color?

A. Yes."

■■ It is obvious from Zaragoza's testimony that he did not "positively" identify the vehicle as is asserted by appellant. Moreover, the State is not required to provide a word-by-word preview of of a witness' testimony. *State v. Wallen,* 114 Ariz. 355, 560 P.2d 1262 (1977).

Appellant next contends that the trial court improperly prohibited him from cross-examining the police officer in charge of the investigation as to the prosecution of appellant rather than Gene Dorsey, another participant in the crime. Appellant contends that he has the right to cross-examine an adverse witness as to his motives for testifying. In support of this argument, appellant relies on *State v. Holden,* 88 Ariz. 43, 352 P.2d 705 (1960). We think his reliance is misplaced. In *Holden,* the defendant sought to examine the motives of his

accomplice in testifying against him. In the instant case, the appellant sought to cross-examine the witness, a police officer, as to why Dorsey had not been prosecuted. We said in *Holden,* supra, that:

"A defendant in a criminal prosecution has an absolute right to cross-examine an adverse witness, and if at all within the proper bounds, such right may not be unduly restrained or interfered with by the trial court." *Id.* at 56, 352 P.2d at 715.

We later reaffirmed *Holden* in *State v. Shaw,* 93 Ariz. 40, 44, 378 P.2d 487, 490 (1963), by stating:

"An absolute right to cross-examine 'within the proper bounds' does not license the defendant for a fishing expedition into completely irrelevant matter."

■ Dorsey did not testify in this case. The reason he was not prosecuted is irrelevant to any issue of guilt or innocence. Failure to prosecute one of two participants in a joint crime does not preclude prosecution of the other participant. *Faber v. State,* 62 Ariz. 16, 152 P.2d 671 (1944). Moreover, it is not the function of the police to determine who will or will not be prosecuted. The decision to prosecute rests within the sound discretion of the County Prosecutor. *State v. Murphy,* 113 Ariz. 416, 555 P.2d 1110 (1976). The trial court did not abuse its discretion in limiting appellant's cross-examination.

■ Appellant's last argument is that the trial court erred in its denial of appellant's motion to wholly suppress his confession. It is his position that the prosecution failed to prove a knowing and intelligent waiver of his right against self-incrimination.

There is ample evidence that the appellant knowingly and voluntarily waived his rights. Appellant testified that he knew the moment he was first "picked up" that the police wanted to talk to him regarding the robbery and murder. He further testified that the police read him his rights; that he understood those rights; and that he voluntarily answered the questions put to him. Officers Schultz and Cain con-

firmed that appellant was advised of and waived his rights prior to interrogation and that he was informed at the outset of the interrogation that they wanted to discuss the robbery and murder. Appellant's answers were responsive, consistent and intelligent. On these facts we cannot say that the trial court made a clear and manifest error. We think the State has shown by a preponderance of the evidence that the confession was voluntary. *State v. Arredondo*, 111 Ariz. 141, 526 P.2d 163 (1974).

Affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.