655 P.2d 1339

The STATE of Arizona, Appellee,

v.

Eddie Lee HARRIS, Appellant.

No. 2 CA–CR 2521–4.

Court of Appeals of Arizona,
Division 2.

Sept. 14, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Richard B. Arrotta, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was found guilty by a jury of burglary in the third degree and theft of property with a value less than $100. He was committed to the custody of the department of corrections for imprisonment for a term of two and one-half years on the burglary offense and six months on the theft, both sentences to be served concurrently.[1]

The main issue here is whether the crime of facilitation, A.R.S. § 13–1004, is a lesser-

---

1. This concurrent sentence on the misdemean-     or is unlawful. See A.R.S. § 13–707.

included offense of burglary or theft. We find that it is not.

Appellant and a co-defendant, Byron Ervin Jackson, were first observed by police officers in the area of Main Avenue and Speedway Boulevard in Tucson. Jackson was driving a car and appellant was a passenger. They were followed to the approximate area of Alvernon Way and Speedway where they parked the car. They were then observed walking through the neighborhood in the vicinity of Alvernon and Fairmont Avenue. At one point, approximately 40 feet from the intersection of Alvernon and Fairmont, the police officers observed one of the two enter a 1963 van while the other person walked back and forth between the van and the intersection of Fairmont and Alvernon. The officers also observed both appellant and Jackson walk away from the van and both of them apparently holding something in their hands. At one point, one of the individuals ran toward some bushes and appeared to place something in the bushes.

Appellant and co-defendant were then arrested by police officers and returned to Jackson's car. At the time of the arrest, Jackson was carrying a cassette recorder which had been inside the 1963 Ford van, and the 8-track recorder which had also been inside the van was recovered by the police under some bushes.

Since the testimony of the officers did not reveal which of the two defendants had actually gone into the van and which one had been apparently acting as a lookout, it is appellant's position that he was entitled to an instruction on facilitation, an offense defined by A.R.S. § 13–1004 as follows:

"A person . . . commits facilitation if, acting with knowledge that another person is committing or intends to commit an offense, such person knowingly provides such other person with means or opportunity for the commission of the offense and which in fact aids such person to commit the offense."

We do not agree.

An instruction on a lesser offense is considered proper if the crime is a lesser-included offense to the one charged if the evidence otherwise supports the giving of the instruction. *State v. Dugan,* 125 Ariz. 194, 608 P.2d 771 (1980). "In determining whether an offense is a lesser-included offense, the test is whether the more serious offense cannot be committed without necessarily committing the lesser." *State v. Malloy,* 131 Ariz. 125, 639 P.2d 315, 320 (1982). Burglary in the third degree is committed by unlawfully entering a non-residential structure with the intent to commit any theft or any felony therein. A.R.S. § 13–1506. The word "structure" includes any vehicle. A.R.S. § 13–1501(8). A person commits theft if, without lawful authority, such person knowingly controls property of another with the intent to deprive them of such property, or controls property of another knowing or having reason to know that the property was stolen. A.R.S. § 13–1802(A)(1) and (5). Since burglary and theft can be committed without necessarily committing the crime of facilitation, the latter offense is not a lesser-included offense of either burglary or theft.

The net result is that the facilitation statute, A.R.S. § 13–1004, gives the prosecuting attorney the option to charge a person as an aider and abettor under that statute rather than as a principal in the substantive offense.[2]

Appellant also contends that the prosecutor made improper arguments during his summation. Assuming, arguendo, that improper arguments were made, we find that they were harmless beyond a rea-

---

2. See A.R.S. § 13–303 which provides that a person is accountable for the conduct of another if the person is an accomplice of such person in the commission of the offense. And see A.R.S. § 13–301 which defines the word "ac-

complice" as someone who not only aids, counsels and agrees to aid or attempts to aid a person in planning or committing the offense, but also provides the means or opportunity to another to commit the offense.

sonable doubt in view of the fact that the defendant here was caught "red-handed."

The convictions for burglary and theft are affirmed, the sentence for burglary is affirmed, the sentence for the theft is vacated and set aside and the case is remanded for resentencing on the theft charge in compliance with A.R.S. § 13–707.

HATHAWAY and BEN C. BIRDSALL, JJ., concur.