139 Ariz. 365 (1984)
678 P.2d 946
STATE of Arizona, Appellee,
v.
David Lee GOOCH, Appellant.
No. 5938.
Supreme Court of Arizona, En Banc.
March 1, 1984.
*366 Robert K. Corbin, Atty. Gen. by William J. Schafer III, Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.
Kemper & Henze by Emmet J. Ronan, Phoenix, for appellant.
HOLOHAN, Chief Justice.
Appellant, David Lee Gooch, was convicted after trial by a jury of negligent homicide, and was sentenced to the presumptive term of six years imprisonment. We affirm.
The essential facts are that appellant loaned a loaded gun to his co-defendant, Wussler, after appellant learned that Wussler wanted to shoot someone. Shortly before the shooting, appellant drove Wussler to a location near the victim's apartment, but did not attend the shooting. Wussler fatally shot the victim with the gun loaned by appellant. Our decision affirming Wussler's conviction and sentence includes additional facts related to the killing. See State v. Wussler, 139 Ariz. 428, 679 P.2d 74 (1984).
Appellant raises one issue on appeal: whether the trial court committed reversible error by refusing to instruct the jury about the crime of facilitation. See A.R.S. § 13-1004. Appellant argues that facilitation is a lesser included offense of the greater offense, second-degree murder[1] and maintains that the state's theory of accomplice liability created a factual predicate for a facilitation instruction.
The facilitation instruction would have been proper if facilitation[2] could be considered a lesser-included offense to second-degree murder, the crime charged, and if the evidence would have rationally supported a jury conclusion that the state had failed to prove an element of the greater offense. State v. Malloy, 131 Ariz. 125, 129, 639 P.2d 315, 319 (1981); State v. Harris, 134 Ariz. 287, 288, 655 P.2d 1339, 1340 (App. 1982). To determine whether an offense is a lesser-included offense, a court may consider two bases: "(1) the included offense is by its very nature always a constituent part of the major offense charged; or (2) the terms of the charging document describe the lesser offense even though the lesser offense would not always form a constituent part of the major offense charged." In re Maricopa County Juvenile Action No. J-75755, 111 Ariz. 103, 105, 523 P.2d 1304, 1306 (1974). Stated differently, can the offense, as described *367 by statute, or as charged, "be committed without necessarily committing the lesser." State v. Malloy, 131 Ariz. at 130, 639 P.2d at 320; State v. Harris, 134 Ariz. at 288, 655 P.2d at 1340.
Once the offense is found to be an included one, the court must then consider whether the evidence supports the requested instruction.
In the case at bench, second-degree murder by statute and as charged could indeed have been committed without thereby committing facilitation. We find no error in the trial court's refusal to instruct on facilitation.
Even though appellant could have been prosecuted for facilitation, that possibility does not affect the decision of whether the instruction is proper. See State v. Politte, 136 Ariz. 117, 121, 664 P.2d 661, 665 (App. 1982) ("The appellant is not entitled to an instruction on another offense [facilitation] even though he might have been charged with and convicted of that offense.")[3] We agree with our court of appeals that A.R.S. § 13-1004, the facilitation statute, "gives the prosecuting attorney the option to charge a person as an aider and abettor under that statute rather than as a principal in the substantive offense." State v. Harris, 134 Ariz. at 288, 655 P.2d at 1340 (footnote omitted). See also Arizona Criminal Code Commission, Arizona Revised Criminal Code (1975) p. X ("Perhaps the most significant change in the area of preparatory offenses is the addition of solicitation and facilitation to Arizona law. The code thus makes urging criminal conduct or providing means or opportunity for crime an offense.") Choosing which offense to prosecute rests within the duty and discretion of the prosecutor. State v. Murphy, 113 Ariz. 416, 555 P.2d 1110 (1976); State v. Faught, 97 Ariz. 165, 398 P.2d 550 (1965); see also State v. Williams, 120 Ariz. 600, 587 P.2d 1177 (1978); A.R.S. § 11-532 (Supp. 1983).
We have reviewed the record for error under A.R.S. § 13-4035 and found none. The judgments of conviction and sentence are affirmed.
GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.
FELDMAN, J., did not participate in the determination of this matter.
NOTES
[1] Appellant was charged originally with first-degree murder, but at the close of the state's case the trial court granted appellant's motion for directed verdict as to the first-degree murder charge. The court instructed the jury on the lesser-included offenses of second-degree murder, manslaughter, and negligent homicide.
[2] § 13-1004. Facilitation; classification

A. A person, other than a peace officer acting in his official capacity within the scope of his authority and in the line of duty, commits facilitation if, acting with knowledge that another person is committing or intends to commit an offense, such person knowingly provides such other person with means or opportunity for the commission of the offense and which in fact aids such person to commit the offense.
B. Facilitation is a:
1. Class 5 felony if the offense facilitated is a class 1 felony.
2. Class 6 felony if the offense facilitated is a class 2 or class 3 felony.
3. Class 1 misdemeanor if the offense facilitated is a class 4 or class 5 felony.
4. Class 3 misdemeanor if the offense facilitated is a class 6 felony or a misdemeanor.
[3] In Luttrell v. Commonwealth, 554 S.W.2d 75 (Ky. 1977) criminal facilitation was held to be a lesser included offense of the substantive offense charged. The decision was based on a construction of the Kentucky statute defining lesser included offenses. The Kentucky statute concerning lesser included offenses is much more expansive than the Arizona definition of lesser included offenses.