706 P.2d 392

**The STATE of Arizona, Appellee,**

v.

**Blair Kennedy BELCHER, Appellant.**

**No. 2 CA–CR 3576.**

Court of Appeals of Arizona,
Division 2, Department A.

May 8, 1985.
Review Denied Sept. 17, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Greg A. McCarthy, Phoenix, for appellee.

D. Jesse Smith, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

Appellant was found guilty by a jury of possession of marijuana. He admitted a prior conviction and the fact that he was on probation at the time of the commission of the instant offense. He failed to appear for sentencing and was sentenced in absentia to 2.25 years in the Department of Corrections. The next day the sentence was vacated, and a bench warrant was issued in light of the ruling in *State v. Fettis,* 136 Ariz. 58, 664 P.2d 208 (1983) which banned sentencing in absentia.

Appellant was arrested on the bench warrant in Texas and returned to the Pima County Jail where he was taken to the Department of Corrections without appearing for sentencing. After four months in the custody of the Department of Corrections, appellant filed a Rule 32 petition which resulted in the trial court resentencing appellant. The court designated the offense as a misdemeanor and sentenced him to time already served. The appellant has a pending civil rights lawsuit concerning his incarceration which has nothing to do with this appeal.

Appellant raises three interrelated issues on appeal: 1) fundamental error occurred because the court failed to instruct the jury sua sponte on the defense of necessity; 2) appellant's counsel was incompetent in not requesting an instruction on his necessity defense, and 3) the court erred in precluding testimony of his intoxication.

Appellant was arrested after a police officer noticed four marijuana plants in his car. Appellant testified that he had seen the plants growing in a wash earlier that day, that he had gone back that night to obtain the plants and was taking them home so he could discard them as he was worried about children getting the marijuana and using it. He further testified he made no effort to hide the plants because he felt he was doing some good and was not breaking the law.

### *Defense of Necessity*

Counsel contends that it was fundamental error for the court not to instruct on the defense of necessity even though no request was made for such an instruction. We find no evidence to support the giving of such an instruction in light of the definition of necessity given in *United States v. Bailey,* 444 U.S. 394 at 410, 100 S.Ct. 624 at 634, 62 L.Ed.2d 575 at 590 (1980), as follows: "the defense of necessity, or

**382**

choice of evils, traditionally covered the situation where physical forces beyond the actor's control rendered illegal conduct the lesser of two evils." The Court noted the defense is not available "if there was a reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm.'" 444 U.S. at 410, 100 S.Ct. at 635, 62 L.Ed.2d at 591. Appellant had a number of other options available to him, most notably, an anonymous phone call to the police. A trial court is not obligated to instruct on a theory of the case that finds no support in the evidence. *State v. Williams*, 120 Ariz. 600, 587 P.2d 1177 (1978). Further, the appellant has not cited any reported Arizona decision which recognized the defense of necessity. We find no fundamental error.

### Ineffective Counsel

Trial counsel could not have been ineffective for failing to request an instruction in this case since the evidence did not support the giving of such an instruction. See *State v. Nash*, 143 Ariz. 392, 694 P.2d 222 (1985), which states the test for ineffective assistance of counsel.

### Intoxication

Appellant was arrested at 10:30 p.m. At the trial he produced two witnesses who had not been timely disclosed to testify that defendant was intoxicated between 5 p.m. and 6 p.m. that day, some four and one-half hours before the arrest. The court granted the state's motion to preclude the testimony on the grounds that the witnesses were untimely disclosed and that evidence that appellant was intoxicated at the time stated was irrelevant. We find no error in the court's ruling. See A.R.S. § 13–503.

Affirmed.

BIRDSALL, P.J., and HOWARD, J., concur.