815 P.2d 912

STATE of Arizona, Appellee,

v.

Gregory WOODS, Appellant.

1 CA–CR 89–886.

Court of Appeals of Arizona,
Division 1, Department B.

Jan. 17, 1991.

Review Denied Sept. 12, 1991.

J. Grant Woods, Atty. Gen. by Ronald L. Crismon, Acting Chief Counsel, Crim. Div., and Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

OPINION

JACOBSON, Presiding Judge.

Appellant Gregory Woods (defendant) was convicted of sale of a narcotic drug with two prior felonies and was sentenced to a mitigated term of 14 years of imprisonment. On appeal, defendant argues that the trial court erred in failing to give a requested jury instruction on solicitation, contending that the crime of solicitation is a lesser-included offense of the crime of sale of a narcotic drug, if a defendant is solely an accomplice. We disagree and affirm.

## FACTS

On the afternoon of February 14, 1989, two undercover Phoenix police officers drove to the 902 Bar in Phoenix, Arizona. Upon entering the parking lot, the officers saw two men near the trash dumpster behind the bar. These men, one of whom was later identified as defendant, asked the officers, "What's up?" One of the officers then asked for a $20 rock of cocaine. The other man refused, and the officers started to leave. Defendant asked the officers again what they needed, to which the officers replied that they wanted a $20 rock of cocaine. Defendant looked at the other man and nodded his head. The other man reached inside the trash dumpster, retrieved a small white rock of a substance later determined to be a usable amount of cocaine, and transferred this cocaine to the officer in return for a $20 bill.

Defendant was charged with the crime of sale of a narcotic drug. The state tried the case on the theory that defendant was an accomplice to the sale. The trial court gave an instruction as to accomplice liability, but refused to give defendant's requested instruction regarding solicitation.

## DISCUSSION

■ A lesser-included offense is one "composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983). *Accord State v. Bay*, 150 Ariz. 112, 117, 722 P.2d 280, 285 (1986). An offense may be considered lesser-included if (1) the lesser-included offense is by its very nature always a constituent part of the major offense charged, or (2) the terms of the charging document describe the lesser offense even though it might not form a constituent part of the major offense charged. *State v. Gooch*, 139 Ariz. 365, 366, 678 P.2d 946, 947 (1984), citing *In re Maricopa County*

*Juvenile Action No. J–75755*, 111 Ariz. 103, 105, 523 P.2d 1304, 1306 (1974).

■ In this case, defendant was charged with the sale of a narcotic drug. The crime of solicitation is not "by its very nature always a constituent part" of the crime of sale of a narcotic drug because the mental and physical elements of solicitation are not necessarily elements of the underlying offense. *State v. Tellez*, 165 Ariz. 381, 383, 799 P.2d 1, 3 (App.1989). Moreover, the indictment contains no reference to defendant's acting as an accomplice, and, therefore, does not describe a solicitation offense.

■ However, defendant argues that the crime of solicitation must always be a lesser-included offense where criminal liability is established through accomplice liability.[1] We disagree. In Arizona, being an accomplice is not a separately chargeable offense; it is merely a theory that the state may utilize to establish the commission of a substantive criminal offense. A.R.S. § 13–303. Consequently, the offense of solicitation cannot be a lesser-included offense of the "crime" of being an accomplice. *Cf. State v. Dugan*, 125 Ariz. 194, 195, 608 P.2d 771, 772 (1980) (instruction on lesser-included offense required when lesser crime included in offense charged).

To determine whether solicitation is a lesser-included offense of the charged crime, therefore, we compare the elements of solicitation to the elements of the substantive offense of sale of a narcotic drug. Because solicitation is not a lesser-included offense of the crime of sale of narcotic drugs, we find that the trial court did not err in refusing to give the requested instruction on solicitation. *Tellez*, 165 Ariz. at 383, 799 P.2d at 3. *Cf. State v. Politte*, 136 Ariz. 117, 121, 664 P.2d 661, 665 (App. 1982) (facilitation not a lesser-included offense of sale of narcotics); *State v. Harris*, 134 Ariz. 287, 288, 655 P.2d 1339, 1340 (App.1982) (facilitation not a lesser-included offense of burglary or theft).

1. A person commits solicitation "if, with the intent to promote or facilitate the commission of a felony ..., such person commands, encourages, requests or solicits another person to engage in specific conduct which would constitute the felony...." A.R.S. § 13–1002(A).

At best, defendant established that the offense of solicitation to sell a narcotic drug is the same offense as sale of a narcotic drug by an accomplice. A lesser-included offense, however, is one composed of fewer elements than the greater offense, not merely one having a lesser penalty. *State v. Caudillo*, 124 Ariz. 410, 604 P.2d 1121 (1979); *State v. Patton*, 136 Ariz. 243, 665 P.2d 587 (App.1983). Although defendant could have been prosecuted for the crime of solicitation, determining which offenses should be charged is a matter of prosecutorial discretion. *Gooch*, 139 Ariz. at 367, 678 P.2d at 948.

Based on the foregoing, we affirm the judgment and sentence.

EHRLICH and EUBANK, JJ., concur.