NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

v.

LARRY T. SKELDON, *Appellant.*

No. 1 CA-CR 18-0503
FILED 6-20-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-113747-001
The Honorable Kathleen H. Mead, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Amy Thorson
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Amy E. Bain
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jennifer M. Perkins joined.

---

**W E I N Z W E I G**, Judge:

¶1        Larry T. Skeldon appeals his conviction and sentence for sale or transportation of a dangerous drug, arguing the superior court erred in allowing the jury to consider instructions and argument on accomplice liability.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Two undercover police officers looked for drug dealers in a high-intensity drug area.  They spotted Skeldon and approached him, saying they were "looking to score some heroin and methamphetamine." Skeldon said he did not have any drugs but knew where to get them.  The officers handed $40 to Skeldon and followed him to a nearby apartment complex.  The officers waited outside as Skeldon walked into the apartment complex.  Skeldon returned.  He gave the officers what they believed to be heroin but informed them "it was going to be a little bit longer for the meth."  Skeldon shuttled back to the apartment complex and returned a "short time later" with methamphetamine, which he handed to the officers. Skeldon agreed to introduce one of the officers to the supplier for another $20.  Skeldon led the officer to an apartment and made the introduction. The officers then left.

¶3        The officers impounded the substances and sent them to the crime laboratory for testing, but the lab positively identified only the methamphetamine.  Police arrested Skeldon and interviewed him. Skeldon admitted he "middled drugs," meaning he took cash from people and then brought them drugs from another location.

¶4        The State charged Skeldon with sale or transportation of a dangerous drug, class 2 felony (count 1), and sale or transportation of a narcotic drug, class 2 felony (count 2).  A.R.S. §§ 13-3407(A)(7), -3408(A)(7). The superior court held a three-day jury trial in March 2018.  The State presented several exhibits and witnesses.  Once the State rested, Skeldon moved for judgment of acquittal under Arizona Rule of Criminal Procedure

20, which the court denied for count 1, but granted for count 2. Skeldon then testified in his own defense, admitting he agreed to help the undercover officers find drugs, the officers gave him $40, he went to the apartment complex and purchased heroin and methamphetamine, he brought the drugs to the officers, and introduced one of them to the supplier. But Skeldon argued his only crime was facilitation, which had not been charged. He insisted he was a "panhandler" and "drug addict," not an accomplice "drug dealer."

¶5        At the close of evidence, the State requested an accomplice liability jury instruction. Skeldon did not object. The superior court granted the State's request and instructed the jury on accomplice liability. The court also instructed the jury that the crime of sale or transportation of a dangerous drug (count 1) required proof that Skeldon knowingly transported methamphetamine for sale or knowingly sold or transferred methamphetamine. *See* A.R.S. §§ 13-3401(6)(c)(xxxviii), -3407(A)(7).

¶6        Skeldon's counsel asked to "put something on the record" after the jury left for deliberations. The superior court agreed. Defense counsel expressed concern that the theory of accomplice liability should not have been introduced without an amended indictment and without an instruction on "facilitation," which he thought might be a lesser-included offense. Defense counsel did not, however, ask the court to take any specific action.

¶7        The jury found Skeldon guilty of count 1. He moved for a new trial based on the jury instruction for accomplice liability and the lack of a facilitation jury instruction, which the court denied. The court sentenced Skeldon to 10.5 years in prison. Skeldon timely appealed.

## DISCUSSION

¶8        Skeldon contests the superior court's denial of his motion for new trial. We review the court's denial of his motion for new trial for an abuse of discretion. *State v. Rankovich*, 159 Ariz. 116, 121 (1988). "Motions for new trial are disfavored and should be granted with great caution." *Id.*

¶9        Skeldon raises two arguments. He first argues the superior court violated his Sixth Amendment rights by instructing the jury on accomplice liability and allowing the State to advance this theory during closing arguments because the State never gave him notice of this theory by amending the indictment or citing the applicable statutes in the charging documents. We disagree.

**¶10** The Sixth Amendment is satisfied because all charges against Skeldon were identified in the indictment and nothing more is required. *State v. Freeney*, 223 Ariz. 110, 114, ¶ 24 (2009); *see also* U.S. Const. amend. VI (defendant has the right "to be informed of the nature and cause of the accusation"). The Sixth Amendment does not require notice of the State's theories or how it intends to prove the alleged offense. *State v. Arnett*, 158 Ariz. 15, 18 (1988). Accomplice liability "is merely a theory," and "not a separately chargeable offense." *State v. Woods*, 168 Ariz. 543, 544 (App. 1991). Skeldon had no Sixth Amendment right to notice of the accomplice liability theory or an amended indictment to reflect the theory. *State v. McInelly*, 146 Ariz. 161, 162 (App. 1985) ("There is no requirement that the indictment charge appellant as an accomplice in order to permit a jury instruction to that effect.").

**¶11** Skeldon next argues the superior court erred in instructing the jury on accomplice liability because no other persons involved in the crime were charged and no evidence showed that Skeldon "had an accomplice or worked with another to sell drugs." But the State was "entitled to an instruction on any theory of the case reasonably supported by the evidence." *State v. Shumway*, 137 Ariz. 585, 588 (1983). The record included evidence supporting an accomplice liability instruction, which required that Skeldon "knowingly and with criminal intent participate[d], associate[d], or concur[red] with another in the commission of a crime." *State v. McNair*, 141 Ariz. 475, 480 (1984) (quotation omitted); *see also* A.R.S. §§ 13-301, -303. The State introduced evidence that Skeldon worked with his supplier to sell and transfer methamphetamine to the undercover officers. *See supra* ¶¶ 2, 5. Indeed, an undercover police officer testified about how Skeldon introduced him to the drug supplier. We find no abuse of discretion.

## CONCLUSION

**¶12** We affirm Skeldon's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED: AA