NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

HENRY DAVIS, *Appellant.*

No. 1 CA-CR 18-0653
FILED 12-24-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-115737-001
The Honorable Erin Otis, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Michael J. Brown joined.

---

C A M P B E L L, Judge:

¶1        Henry Davis appeals his felony and misdemeanor sentences, which imposed concurrent terms in the Arizona Department of Corrections ("the DOC") and the Maricopa County Jail. Because A.R.S. § 13-707 prohibits misdemeanor sentences from being served in the state prison, Davis's concurrent misdemeanor sentence constitutes fundamental error. We have the authority to correct sentencing errors without a remand, however, where the trial court's intent is clearly expressed in the record. *See* A.R.S. § 13-4037(A); *see State v. Gourdin*, 156 Ariz. 337, 339–40 (1988). Because the trial court expressed its intent to terminally dispose of Davis's misdemeanor conviction, we affirm his misdemeanor sentence as modified. We also affirm his conviction and felony sentence.

**BACKGROUND**

¶2        Davis was convicted of Misconduct Involving Weapons (Count 1) and Possession or Use of Marijuana (Count 2) in two separate trials. At his first trial, a jury found him guilty of the weapons charge and found aggravating circumstances applied. Because it was designated a misdemeanor, the possession charge was prosecuted separately in a bench trial, where the trial court found Davis guilty.

¶3        A single sentencing hearing was conducted by the judge who presided over both trials. For Count 1, a class 4 felony, the court sentenced Davis as a category three repetitive offender to the presumptive term of ten years in the DOC. *See* A.R.S. § 13-703(J). Finding "terminal disposition . . . appropriate" for Count 2, a class 1 misdemeanor, the court then sentenced Davis on the possession charge to a concurrent term of six months to be served in the Maricopa County Jail. *See* A.R.S. § 13-707(A)(1). The court ordered both sentences to begin on September 5, 2018, and assigned Davis 75 days of presentence incarceration credit for both counts. Davis's counsel did not object to these sentences, and Davis timely appealed.

## DISCUSSION

**¶4** Davis raises a single issue on appeal—a sentence in the Maricopa County Jail imposed concurrently with a sentence in the DOC constitutes an illegal sentence. *See* A.R.S. § 13-707(A) ("imprisonment for a misdemeanor shall be . . . served other than a place within custody of the state department of corrections"). Because Davis did not object at sentencing, our review is for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005); *see also State v. Vargas–Burgos*, 162 Ariz. 325, 327 (App. 1989) (legality of sentence may be properly appealed despite failure to object in trial court). Davis bears the burden of establishing that "(1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice." *State v. Smith*, 219 Ariz. 132, 136, ¶ 21 (2008); *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).

**¶5** The imposition of an illegal sentence is fundamental error. *State v. Pesqueira*, 235 Ariz. 470, 478, ¶ 29 (App. 2014); *State v. Thues*, 203 Ariz. 339, 340, ¶ 4 (App. 2002). The court's imposition of six months for the misdemeanor possession charge was illegal because, by requiring Davis to serve the six months of jail time concurrently with imprisonment in the DOC, the court imposed a sentence that is incompatible with the applicable sentencing statute, § 13-707(A).[1] *See State v. Gonzales*, 141 Ariz. 512, 513 (1984) (sentence inconsistent with sentencing statute is illegal). The State concedes the sentence is "technically" illegal but argues it is illegally lenient. Based on this assertion, the State claims we lack jurisdiction to disturb the sentence under *State v. Dawson*, 164 Ariz. 278 (1990). Alternatively, the State argues that an illegally lenient sentence is not fundamental error.

**¶6** The imposition of an illegally lenient sentence may be harmless error. *See State v. Kinslow*, 165 Ariz. 503, 507 (1990) (imposition of sentence with parole eligibility under statutory minimum was harmless error); *but see State v. Ortiz*, 104 Ariz. 493, 495 (1969) ("An illegal sentence is no sentence at all."). A sentence is illegally lenient when correcting the error "inures to the detriment of a criminal defendant." *Dawson*, 164 Ariz. at 286. Davis's misdemeanor sentence is not illegally lenient because the effect of the sentencing error is uncertain. The State argues correcting the sentencing error would only harm Davis because "he will never have to serve the

---

[1] Other than challenging the imposition of illegally concurrent sentences, Davis does not directly challenge his felony sentence.

6-month jail sentence," which "will have expired" prior to his release from the DOC.

¶7        We are not convinced that this outcome is dictated by the very terms of Davis's sentences. The State offers no supporting reasons or legal authority to buttress its claim that Davis's jail sentence will expire during his prison term. In fact, after Davis completes his ten-year sentence at the DOC, his jail sentence will remain, at least technically, unserved. Davis is concerned that, at the end of his prison sentence, he will be transferred to the county jail to serve the remainder of his misdemeanor sentence. The State argues his concern is "unfounded," citing a Maricopa County Sheriff's Office ("MCSO") policy which states that "[a] concurrent sentence shall be served at the same time as any other sentence that the inmate serves." *See* MCSO, Policy No. DM-2, Computation of Projected Release Dates 1 (Mar. 13, 2018), https://www.mcso.org/documents/Policy/Detention/DM-2.pdf (effective date Dec. 4, 2015).

¶8        Even were we to take judicial notice of this policy, the MCSO cannot correct an illegally imposed sentence—that power rests squarely with the judicial branch of government.[2] *State v. Prentiss*, 163 Ariz. 81, 85 (1989) (noting judiciary's sole and unrestricted power to "decid[e] what a sentence should be" within statutory sentencing limits). Further, the uncertainty surrounding Davis's illegal concurrent sentencing raises due process concerns. The illegality of his sentence is not lenient—it is inherently prejudicial.[3]

¶9        The sentencing error here was fundamental and prejudicial. Davis's misdemeanor sentence must therefore be modified. Although remand may be appropriate for the imposition of unlawful concurrent prison and jail sentences, *see, e.g.*, *State v. Harris*, 134 Ariz. 287, 287 n.1, 289 (App. 1982), we have independent authority to correct sentencing errors if the trial court's intent is clearly expressed in the record. *See* A.R.S. § 13-4037(A); *see Gourdin*, 156 Ariz. at 339–40 (reducing length of sentence to fulfill State and Defendant's expectations for plea bargain where negotiated presentence incarceration credit was illegal). Sentence modification only requires a remand if it would affect a substantial right of

---

[2]        *See In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000) (Arizona Rule of Evidence 201 allows appeals court to take notice of anything of which trial court could have taken notice).

[3]        Because we do not find Davis's sentence to be illegally lenient, we need not further address the State's arguments based on that premise.

the defendant or if it involves sentencing discretion. *State v. Davis*, 105 Ariz. 498, 502 (1970) ("modification of a judgment which affects the substantial rights of a defendant requires his presence"); *State v. Pena*, 209 Ariz. 503, 509, ¶ 23 (App. 2005) ("The exercise of sentencing discretion is the trial judge's, not ours.").

¶10　　　　Because these concerns are not implicated here and because the trial court's intent is clear from the record, modification of Davis's sentence does not require remand. At the sentencing hearing, the trial court expressly stated that terminal disposition of the misdemeanor conviction "[wa]s appropriate." The State and Davis both advocated in support of this terminal disposition. We conclude the trial court's intention was to impose a ten-year sentence for the felony conviction and to terminally dispose of the misdemeanor charge. The fact that Davis lacked sufficient presentence incarceration credit to effect this terminal disposition does not disturb this conclusion, when considered in a comprehensive review of the sentencing hearing.

¶11　　　　In light of this clearly expressed intent, modification of Davis's sentence for the misdemeanor (Count 2) is appropriate. Thus, we modify his sentence for the misdemeanor from six months in jail to 75 days in the county jail with credit for the 75 days he served prior to sentencing. This modification will effectuate the terminal disposition intended by the trial court within the bounds of the applicable sentencing provisions. *See* A.R.S. § 13-703(J) (presumptive term of ten years for class 4 felony and category three repetitive offender); *see* § 13-707(A)(1) (maximum term of six months for class 1 misdemeanor).

## CONCLUSION

¶12　　　　Because the imposition of an illegal sentence for the misdemeanor possession charge (Count 2) was fundamental error, we modify that sentence from a concurrent term of six months to a concurrent term of 75 days with credit for time served. Because Davis challenges

neither his convictions nor the sentence imposed for the felony weapons charge (Count 1), we affirm his convictions on both counts, and we affirm his sentence for the felony.



AMY M. WOOD • Clerk of the Court
FILED: AA