**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1395

_____

CALVIN CARLYLE RIVERS,
Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-731-761)
Immigration Judge: Kuyomars Q. Golparvar

_____

Argued on September 23, 2019

_____

Before:  McKEE, AMBRO, and ROTH *Circuit Judges*.

(Opinion filed: July 9, 2020)

Wayne P. Sachs      [Argued]
Sachs Law Group
1518 Walnut Street, Suite 610
Philadelphia, PA 19102
        *Counsel for Appellant*


Joseph H. Hunt
Carl McIntyre
Virginia M. Lum      [Argued]
Andrew J. Oliveira
Gregory A. Pennington, Jr.

United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
    *Counsel for Appellee*

_____

OPINION[*]

_____

McKEE, *Circuit Judge*.

Calvin Carlyle Rivers petitions for review of the Board of Immigration Appeals

decision finding him ineligible for Cancelation of Removal based on a conviction for

solicitation to commit possession of marijuana for sale under Arizona law. For the

reasons that follow, we will grant Rivers' petition for review, vacate the order of removal

and remand to the Board for further proceedings.[1]


**I.**

Rivers argues that solicitation to commit possession of marijuana for sale is not an

aggravated felony under 8 U.S.C. § 1101(a)(43).[2]

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] We exercise jurisdiction over a final order of removal pursuant to 8 U.S.C. §
1252(a)(1). When an order of removal is based on an aggravated felony conviction, we
review only "constitutional claims or questions of law raised upon [the] petition for
review." 8 U.S.C. § 1252(a)(2)(C)-(D); *Rachak v. Att'y Gen.*, 734 F.3d 214, 216 (3d Cir.
2013).

[2] Pet. Br. at 6.

We review whether a state criminal conviction constitutes a federal aggravated felony *de novo*.[3]

Under Arizona law, a person commits solicitation if "with the intent to promote or facilitate the commission of a felony or misdemeanor, such person commands, encourages, requests or solicits another person to engage in specific conduct" that would constitute the underlying crime.[4] Specifically, Rivers pled guilty to soliciting another person to possess marijuana for sale. The Board found that Rivers' solicitation offense was an illicit trafficking offense under 8 U.S.C. § 1101(a)(43)(B).

The Board relied upon the "illicit trafficking" approach to hold that solicitation to commit possession of marijuana for sale is an aggravated felony.[5] Under the illicit trafficking approach, a state drug conviction is an aggravated felony if it is a felony under state law[6] and contains an element of trafficking.[7]

---

[3] *Evanson v. Att'y Gen.*, 550 F.3d 284, 288 (3d Cir. 2008).

[4] Ariz. Rev. Stat. Ann. § 13-1002(A).

[5] *See Evanson,* 550 F.3d at 288-89 (explaining that we use the "hypothetical federal felony" approach or the "illicit trafficking" approach to determine whether a state drug offense constitutes an aggravated felony under federal law). The Court of Appeals for the Ninth Circuit has held that solicitation to possess marijuana for sale is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See Leyva-Licea v. INS*, 187 F.3d 1147, 1150 (9th Cir. 1999).  Thereafter, in *United States v. Ibarra-Luna*, 628 F.3d 712, 716 (5th Cir. 2010), the Court of Appeals for the Fifth Circuit reached the same conclusion.
We agree that Rivers' solicitation offense is not an aggravated felony under the hypothetical federal felony approach, as solicitation is not punishable as a felony under the Controlled Substances Act. *See Jeune v. Att'y Gen.*, 476 F.3d 199, 201 (3d Cir. 2007). This is no doubt why the Board only addressed the illicit trafficking approach in determining if a state drug offense is an aggravated felony under federal law.

[6] Rivers' solicitation conviction is a class four felony under Arizona law. *See* Ariz. Rev. Stat. §§ 13-1002, 13-3401, 13-3405, 13-3418, 13-701, 13-702, and 13-801.

[7] *Gerbier v. Holmes*, 280 F.3d 297, 313 (3d Cir. 2002).

3

Aiding and abetting the possession of cocaine does not include a transaction in commerce between the parties and is therefore not a trafficking offense.[8] The Board also applies a "commercial transaction test" to determine if a statute includes an element of trafficking, defining a "commercial transaction" as the "passing of goods from one person to another for money or other consideration."[9]

Under none of these descriptions of illicit trafficking does Rivers' conviction for solicitation include an element of trafficking. Solicitation under Arizona law is complete as soon as encouragement has occurred, whether or not the person solicited agrees to any criminal plan or even believes the solicitor is serious.[10] Because Rivers' conviction could be complete at the moment of encouragement, without any subsequent transaction, it did not include an element of trafficking.

Contrary to the Government's suggestion,[11] we cannot look to the elements of the underlying criminal behavior that Rivers solicited in order to find the commercial element.[12] Arizona caselaw makes clear that solicitation is "a completely separate crime from the offense solicited" and "cannot be equated with the underlying offense."[13]

---

[8] *Lopez v. Gonzales*, 549 U.S. 47, 54 (2006).
[9] *Matter of L-G-H*, 26 I&N Dec. 365, 371 n.9 (B.I.A. 2014).
[10] *State v. Miller*, 316 P.3d 1219, 1230 (Ariz. 2013) ("But solicitation only requires action and intent by the solicitor. It does not require that the solicited persons believe the solicitor is serious."); *State v. Flores*, 188 P.3d 706, 709 (Ariz. Ct. App. 2008) ("Solicitation is a crime separate from the crime solicited, and, unlike conspiracy, the crime of solicitation is complete when the solicitor, acting with the requisite intent, makes the request. It requires no agreement or action by the person solicited.").
[11] Gov't Br. at 26-7.
[12] *See Moncrieffe v. Holder,* 569 U.S. 184, 191 (2013).
[13] *State v. Ysea*, 956 P.2d 499, 503 (Ariz. 1998); *State v. Tellez*, 799 P.2d 1, 4 (Ariz. Ct. App. 1989). *See also State v. Woods*, 815 P.2d 912, 913 (Ariz. Ct. App. 1991) ("The

The aggravated felony statute is reserved for "the most serious criminal offenses,"[14] and we therefore decline to extend the definition to include the mere solicitation of another person to commit an enumerated offense. Because Rivers' conviction for soliciting the possession of marijuana for sale is not punishable as a felony under the Controlled Substances Act and does not include an element of commercial dealing, it is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).

## IV.

For the reasons above, we grant Rivers' petition for review, vacate the order of removal, and remand for further proceedings consistent with this opinion.

---

crime of solicitation is not 'by its very nature always a constituent part' of the crime of sale of a narcotic drug because the mental and physical elements of solicitation are not necessarily elements of the underlying offense.").

[14] H.R. Rep. No. 109-135(I), at 69 (2005).

5