NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID WILLIAM ROBERTSON, *Appellant.*

No. 1 CA-CR 19-0593
FILED 8-13-2020

Appeal from the Superior Court in Maricopa County
No. CR2019-115873-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Brown & Little, PLC, Chandler
By Matthew O. Brown
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge David B. Gass joined.

---

**W I N T H R O P**, Judge:

**¶1**　　　David William Robertson ("Appellant") was convicted and sentenced by a jury of three counts of aggravated assault, one count of attempt to commit aggravated assault, one count of assault, and one count of disorderly conduct.  This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Clark*, 196 Ariz. 530 (App. 1999).  Counsel for Appellant advised this court that he has searched the record and has found no arguable question of law that is not frivolous.  He requests this court conduct its own independent review of the record for fundamental error.  *See Clark*, 196 Ariz. at 537, ¶ 30.  Appellant has filed a supplemental brief *in propria persona*, which we have considered.

**¶2**　　　We have appellate jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A).  Finding no reversible error, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶3**　　　On April 5, 2019, Appellant was living with his girlfriend, S.M., in Appellant's car.  While S.M. was driving, the pair got into an argument and S.M. began to speed up the car.  Appellant tried to gain control of the steering wheel and pressed his forearm against S.M.'s neck, choking her until she briefly lost consciousness.  Appellant shifted the car into park and then placed both of his hands around S.M.'s neck and strangled her until she again lost consciousness.

**¶4**　　　When S.M. regained consciousness, Appellant was outside the driver's side door of the vehicle trying to get in.  S.M. tried to restart the

---

[1]　　"We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant."  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

car but Appellant opened the driver's door and grabbed her by the hair, forcing her over the middle console of the car and into the passenger's seat.

¶5          Appellant started driving and the pair continued to argue. The argument again turned physical: Appellant punched S.M. multiple times in the face and then got on top of her, grabbed her by the neck, and began strangling her so forcefully that she involuntarily urinated. S.M. grabbed a pocket knife out of her pocket and stabbed Appellant in the left side. S.M. then got out of the vehicle and ran toward a neighborhood house to ask for help.

¶6          Appellant exited the vehicle and began throwing S.M.'s belongings out of the car and into the street. S.M. went back to the car to remove the remainder of her belongings. Appellant grabbed a shovel from the back of the car and hit her in the face with the metal end, slicing her nose so severely that it had to be glued back together.

¶7          Appellant got back in his car and drove away, leaving S.M. behind. A neighbor called 911, S.M. was taken to the hospital, and her injuries were documented by a forensic nurse. A few hours later, Appellant went to a hospital and underwent surgery for a collapsed lung resulting from the stab wound.

¶8          Appellant was charged with three counts of aggravated assault each as a class four felony (Counts 1, 2, and 5), one count of attempted aggravated assault as a class five felony (Count 3), one count of aggravated assault as a class three felony (Count 4), one count of assault as a class one misdemeanor (Count 6), and one count of disorderly conduct as a class one misdemeanor (Count 7). A jury found Appellant guilty on Counts 2-7 and found Counts 4-6 were domestic violence offenses.

¶9          During the aggravation phase, the jury found that the State proved Appellant committed the offenses while on felony release, that the offenses caused physical, emotional, or financial harm to the victim, and that Counts 4 and 5 were dangerous offenses based on the use of the shovel, a dangerous instrument.

¶10          The trial court sentenced Appellant to twenty-two years in prison for Count 4, with lesser sentences for the five other Counts running

concurrently.[2]  The court also awarded Appellant 191 days of presentence incarceration credit.  Appellant timely appealed.

**ANALYSIS**

**¶11**          In his supplemental brief, Appellant essentially argues that he was not allowed to adequately present evidence of his innocence and contends hearsay evidence supporting his theory of self-defense was precluded.  We find no evidence in the record supporting this assertion. Appellant testified on his own behalf, including asserting his interpretation of how the argument with S.M. became violent, stating S.M. first tried to "gouge out" his eyeballs, tried to hit him, bit him multiple times on the arm, used the blunt end of her pocket knife to repeatedly hit him in the ribs while he was driving, punched him in the face, and eventually stabbed him. Appellant also testified that S.M. threatened to stab him again and tried to stab him a second time, which is why he thrust the shovel at her.   In addition, the jury instructions contained a self-defense instruction, which instruction was agreed upon by the State and Appellant's counsel.

**¶12**          "It is primarily the province of the jury to determine the credibility of witnesses and to find the facts." *State v. Fischer*, 242 Ariz. 44, 50, ¶ 19 (2017); *accord Est. of Reinen v. N. Ariz. Orthopedics, Ltd.*, 198 Ariz. 283, 287, ¶ 12 (2000) ("The credibility of a witness' testimony and the weight it should be given are issues particularly within the province of the jury.") (internal quotation marks omitted).   Here, Appellant had adequate opportunity to present his self-defense theory, and it was up to the jury to judge the credibility of Appellant's testimony and the weight to give said testimony in the light of S.M.'s conflicting account.  Moreover, Appellant does not identify any specific hearsay statements that he was precluded

---

[2]      For Counts 6 and 7, the court sentenced Appellant to six months in Maricopa County jail.  It is unlawful for a misdemeanor jail sentence to be served concurrently with a felony prison sentence.  *See* A.R.S. § 13-707(A) ("A sentence of imprisonment for a misdemeanor shall be for a definite term to be served *other than* a place within custody of the state department of corrections.") (emphasis added); *State v. Harris*, 134 Ariz. 287, 287 n.1 (App. 1982) (noting a misdemeanor jail term may not be concurrent with a prison term).  However, this error is in Appellant's favor and thus not subject to fundamental error review.  *See State v. Escalante*, 245 Ariz. 135, 141, ¶ 21 (2018) (explaining fundamental error is error that prejudices the defendant and goes to the foundation of the case, takes away a right essential to a defense, or is so egregious that the defendant cannot possibly have received a fair trial).

from presenting in support of his self-defense theory. On this record, we find no error.[3]

¶13 Additionally, we have reviewed the entire record for reversible error and find none. *See State v. Leon*, 104 Ariz. 297, 300 (1969); *Clark*, 196 Ariz. at 537, ¶ 30. The record reflects the proceedings were conducted in compliance with Appellant's constitutional and statutory rights and conformed to the Arizona Rules of Criminal Procedure. Appellant was represented by counsel at all stages of the proceedings and was present at all critical stages. The evidence presented at trial was substantial and supports the verdicts. The jury was appropriately comprised of twelve members and the court properly instructed the jury on the elements of the charges, presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict.

¶14 Upon the filing of this decision, Appellant's counsel shall inform Appellant of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶15 For the foregoing reasons, we affirm Appellant's convictions and sentences.

AMY M. WOOD • Clerk of the Court
FILED: AA

---

[3] In his supplemental brief, Appellant also identifies purported errors made in a separate narcotics case (No. CR2019-107508-001). Although sentencing for the narcotics charges occurred in the same hearing as sentencing for the case at issue here, these two cases were tried separately and our review is limited to the case and record before us (No. CR2019-115873-001). Accordingly, we will not address Appellant's argument regarding his narcotics case.