NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES A. RUNNELS, JR., *Appellant.*

No. 1 CA-CR 18-0358
FILED 8-1-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-002202-001
The Honorable John Christian Rea, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1        James A. Runnels, Jr., appeals his convictions and resulting sentences for two felony and five misdemeanor offenses. Runnels argues the superior court erred in admitting other acts evidence and the sentences imposed are illegal. Because Runnels has shown no evidentiary error, his convictions are affirmed. Because Runnels has shown sentencing error, his sentences are affirmed as modified.

## FACTS AND PROCEDURAL HISTORY

¶2        One afternoon in November 2016, Runnels asked his nephew to drive him to the home of M.B., the mother of his child. Entering through an open garage door, Runnels found M.B. in the living area. M.B. told Runnels to leave, but he refused. Runnels punched M.B. in the head and pushed her head into the wall so hard it damaged the drywall. M.B. tried to escape through the backyard gate, but Runnels caught her and dragged her back inside. When Runnels' nephew heard the commotion, he went inside and told Runnels to leave with him, and Runnels did so. M.B. sought medical care and was treated for a hematoma and a laceration on her scalp.

¶3        The State charged Runnels with various felony and misdemeanor offenses, most of which were alleged to be domestic violence offenses and the most serious of which was kidnapping, a Class 2 dangerous felony. The State filed a pretrial notice seeking to admit at trial evidence of Runnels' other crimes, wrongs or acts that M.B. knew about, including prior convictions for attempted murder and aggravated assault against other female victims. *See* Ariz. R. Evid. 404(b)(2019).[1] At a pretrial hearing, the State presented evidence that M.B. was aware of Runnels' other acts and that this affected her state of mind during the assault, leading her to believe Runnels was capable of hurting and even killing her.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶4            Granting the State's motion, the court found Runnels committed these other acts; the evidence was offered for proper purposes (to show Runnels' intent and M.B.'s reasonable apprehension of imminent physical injury, and to explain M.B.'s actions); the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice; and any danger of unfair prejudice could be addressed in a limiting instruction.

¶5            At trial, M.B. testified that when Runnels entered her home, he pointed a gun at her and threatened to kill her. M.B. testified that she was aware of Runnels' 1990 conviction for cutting a woman's throat, noting she had seen the scar. She also was aware of Runnels' 2010 conviction for assaulting his ex-wife. M.B. testified that her knowledge of these acts heightened her fear and led her to believe that Runnels could kill her.

¶6            After the State rested, Runnels elected to testify. He admitted to the prior convictions M.B. testified about, as well as an additional felony conviction. He also admitted that M.B. knew about the convictions. Runnels then testified that he never had a gun and that he pushed M.B. into a wall only after she attacked him. During cross-examination, he sought to minimize the 1990 conviction as a "scratch" on the victim's throat.

¶7            After deliberations, the jury convicted Runnels of two felonies: unlawful imprisonment (Count 2, as a lesser-included offense) and criminal trespass (Count 3). The jury also convicted Runnels of five misdemeanors: assault (Count 1, as a lesser-included offense); assault (Counts 4 and 5); criminal damage (Count 6) and disorderly conduct (Count 7). Apart from disorderly conduct, all offenses were domestic violence offenses. Given his historical felony convictions, for the felony convictions (Counts 2 and 3), the court sentenced Runnels as a Category Three repetitive offender to consecutive, greater than presumptive 4.5-year prison terms (the sentence for Count 3 to be served consecutive to the sentence for Count 2). The court also sentenced Runnels to jail terms on the misdemeanor counts, concurrent to the prison sentence in Count 2.

¶8            This court has jurisdiction over Runnels' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I. Runnels Has Not Shown The Court Erred In Admitting Other Acts Evidence.

**¶9** Runnels argues the court erred when it admitted his 1990 and 2010 convictions as other acts evidence under Rule 404(b), an issue this court reviews for an abuse of discretion. *State v. Carver*, 16 Ariz. 167, 175 (1989).[2] Other acts evidence generally is not admissible to show the character of a person but may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b). To be admissible,

> a proper purpose must be shown under Rule 404(b), it must be relevant under Rule 402, the probative value of the evidence must not be substantially outweighed by its potential prejudicial effect under Rule 403, and the court must give a proper limiting instruction if requested under Rule 105.

*State v. Acuna Valenzuela*, 245 Ariz. 197, 207 ¶ 12 (2018). Runnels argues the other act evidence was unfairly prejudicial and that, despite receiving a limiting instruction, the jury considered the evidence for an improper purpose.

**¶10** Here, the other act evidence had substantial probative value, because the State had to prove beyond a reasonable doubt that M.B. was "in reasonable apprehension of imminent physical injury." A.R.S. § 13-1203(A)(2); *see State v. Tassler*, 159 Ariz. 183, 185 (App. 1988) (finding other act evidence "was independently admissible . . . to prove the reasonable apprehension of the [victims] of potential violent conduct by the defendant"). That the evidence was adverse to Runnels does not mean that it was unfairly prejudicial. *See State v. Schurz*, 176 Ariz. 46, 52 (1993) ("[E]vidence which is relevant and material will generally be adverse to the opponent.").

---

[2] Although stating that admission of the other acts evidence also violated his rights to due process and fundamental fairness, because Runnels fails to present a developed argument, any such claims are waived. *State v. Carver*, 160 Ariz. 167, 175 (1989).

¶11 The superior court made multiple efforts to limit any danger of unfair prejudice in admitting the other acts evidence. *See Payne*, 233 Ariz. at 504, ¶ 58 ("When other act evidence is admissible but prejudicial, the trial court must 'limit the evidence to its probative essence . . . by excluding irrelevant or inflammatory detail.'") (citation omitted). The names of the offenses that Runnels was convicted of—attempted murder and aggravated assault—were redacted from the exhibit used at trial and were not mentioned in the witness' testimony. It was only after Runnels testified that the jury learned these were felony convictions and that he served significant prison sentences for them. Any prejudicial effect is further mitigated by the fact that the jury would have learned of Runnels' felony convictions anyway when the State impeached Runnels during cross examination as authorized by Ariz. R. Evid. 609.

¶12 The court also mitigated any danger of unfair prejudice by giving an appropriate limiting instruction. *See State v. Hyde*, 186 Ariz. 252, 276–77 (1996) (concluding "that the trial court afforded defendant adequate protection against unfair prejudice" when it offered to give a limiting instruction). Although Runnels argues that jurors consider other acts evidence for an improper purpose once it is admitted, this court presumes jurors follow the court's instructions, including limiting instructions. *State v. Dann*, 205 Ariz. 557, 570 ¶ 46 (2003). The State further limited any unfair prejudice during closing arguments by emphasizing that the evidence should only be used for its proper purpose: to inform the jury of M.B.'s state of mind during the assault. *Cf. State v. Lehr*, 227 Ariz. 140, 147 ¶ 24 (2011) (finding harmless error when court failed to give a limiting instruction, focusing on State's closing urging the jury to consider the evidence only for its proper purpose). Accordingly, Runnels has not shown the court erred in admitting the other acts evidence.

## II.    Sentencing Issues.

¶13 Runnels raises two sentencing issues. Because Runnels did not object to either issue before the superior court, he has forfeited all but fundamental, prejudicial error review. *See State v. Henderson*, 210 Ariz. 561, 567 ¶¶ 19–20 (2005). Accordingly, Runnels must establish that "(1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice." *State v. Smith*, 219 Ariz. 132, 136 ¶ 21 (2008); *accord State v. Escalante*, 245 Ariz. 135, 142 ¶ 21 (2018).

**A.      The Superior Court Erred In Imposing Concurrent Jail And Prison Terms.**

¶14      Runnels argues the court committed fundamental error resulting in prejudice when it sentenced him to concurrent jail and prison terms. For the Class 1 misdemeanors (Counts 4, 5, and 7), the court sentenced him to six months in jail; for the Class 2 misdemeanors (Counts 1 and 6), four months in jail. The court ordered that these jail sentences run concurrent with the 4.5-year prison term for Count 2. Runnels received 126 days of presentence incarceration credit for these six counts. When the State challenged the legality of imposing concurrent jail and prison terms, the court declined to make a modification, stating: "Well, if the sentences have to be modified, the Court's intent is nine years."

¶15      The State concedes that the concurrent jail and prison terms are error. *See* A.R.S. § 13–707(A) ("A sentence of imprisonment for a misdemeanor shall be for a definite term to be served *other than* a place within custody of the state department of corrections.") (emphasis added); *State v. Harris*, 134 Ariz. 287, 287 n.1 (App. 1982) (noting misdemeanor jail term may not be concurrent with prison term). Accordingly, the misdemeanor sentences imposed cannot stand. The question, then, is whether a remand is necessary or whether the sentences can be modified on the record presented.

¶16      Although challenging the misdemeanor jail terms, Runnels does not directly challenge the felony sentences imposed. If the misdemeanor sentences were vacated and this matter was remanded for resentencing, at very best, Runnells would receive credit for time served on the misdemeanors; at worst, he would be given up to six additional months in jail, to be served after serving the prison sentences for the felony convictions.

¶17      As noted above, the record is clear that the court intended to sentence Runnels to a total of nine years in custody. *Cf. State v. Hanson*, 138 Ariz. 296, 304 (App. 1983) (no error when court later modifies a sentence when "its intent is clearly expressed in the record"). Runnels and the State both note that the "trial court expressed that its 'intent [was] nine years.'" Given that the misdemeanor sentences imposed cannot stand, and given this clear statement of intent, the concurrent sentences on the misdemeanor convictions are modified as follows: (1) the Class 1 misdemeanor sentences (Counts 4, 5 and 7) are modified from six months in jail to 126 days in jail with credit for time served and (2) the Class 2 misdemeanor sentences (Counts 1 and 6) are modified from four months in jail to 126 days in jail

with credit for time served. Thus, as modified, the sentences are for Runnels to serve two consecutive 4.5-year prison terms, totaling nine years, consistent with the stated intent of the sentencing judge. *See* A.R.S. § 13-4037(A); *State v. Gourdin*, 156 Ariz. 337, 339-40 (App. 1988) (modifying an illegal sentence by adjusting the length of the prison sentence so that it met the parties' expectations at sentencing).

### B. The Nunc Pro Tunc Order Correcting The Nature Of The Count 1 Conviction And Resulting Sentence Benefitted Runnels And Did Not Constitute Fundamental Error Resulting In Prejudice.

¶18 For Count 1, the jury convicted Runnels of the lesser-included offense of assault, a Class 2 misdemeanor. At sentencing, the court referred to Count 1 as a Class 1 misdemeanor conviction and sentenced him to six months in jail. Later, the court issued a nunc pro tunc order, noting that Count 1 was a Class 2 misdemeanor conviction and reducing the sentence to four months in jail. Runnels has not shown that this correction was a resentencing (for which Runnels had the right to be present), but instead is similar to a court's favorable adjustment to presentence incarceration credit, which is not considered a resentencing. *See State v. Cruz–Mata*, 138 Ariz. 370, 376 (1983) (crediting defendant with appropriate amount of credit without remanding for resentencing). Moreover, although challenging this nunc pro tunc order on appeal, Runnels shows no resulting prejudice. In fact, the order benefitted Runnels because it decreased his jail sentence from six to four months. Thus, Runnels has not shown that this nunc pro tunc order constituted fundamental error resulting in prejudice.

### CONCLUSION

¶19 Because Runnels has shown no reversible error, his convictions and resulting sentences for Counts 2 and 3 are affirmed. For the remaining offenses (Counts 1, 4, 5, 6 and 7), his convictions are affirmed and his sentences are modified so that they are each for 126 days in jail, with credit for time served, all imposed concurrently.



AMY M. WOOD • Clerk of the Court
FILED:   AA